THE STATE OF OHIO, APPELLEE, *v.*
FRYE, APPELLANT.

(No. 1952 — Decided January 24, 1985.)

*Peggy J. Schmitz,* for appellee.
*Thomas T. Flynn,* for appellant.

GEORGE, J. The defendant, William Frye, was convicted for driving with a suspended license. His sole assignment of error is that the police officer who stopped him lacked probable cause or reasonable suspicion to stop him. This court reverses the conviction.

An officer of the Rittman Police Department stopped Frye because one of Frye's taillights was not working. The officer then ran a check of Frye's operator's license and registration pursuant to the routine practice of the Rittman Police Department. The check revealed that Frye was driving with a suspended license in violation of R.C. 4507.38. The officer then issued Frye a citation for the violation.

In the trial court Frye filed a motion to suppress all evidence obtained against him during the stop for the reason that no probable cause or reasonable suspicion existed for the officer to stop him. The motion was submitted to the court without a hearing upon the stipulation that Frye was stopped because of his taillight being out. The trial court overruled the motion holding that there was probable cause to stop Frye and to subsequently run the license and registration check. Frye then pled no contest to the charge and was found guilty. Frye now appeals.

Assignment of Error

"The trial court erred in overruling defendant's motion to suppress because the officer lacked probable cause or reasonable suspicion to stop defendant and the traffic stop violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures."

The United States Supreme Court in *Delaware* v. *Prouse* (1979), 440 U.S. 648, set out the standard to be used in determining whether an automobile stop and license check are reasonable under the Fourth Amendment. The court held at 663:

"* * * that except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment. * * *"

Frye contends that because under R.C. 4513.05 and Rittman City Ordinance No. 337.04, a driver is only required to have one taillight, the officer in this case had no "articulable and reasonable suspicion" that he was violating the law. Frye also relies on *State* v. *Chatton* (1984), 11 Ohio St. 3d 59, where the Ohio Supreme Court held that an officer could not detain a driver for a license check once the officer was satisfied that the driver was not violating the law. In *Chatton, supra,* the driver had failed to display a temporary license placard.

Once the officer viewed the placard on the rear deck of the vehicle directly beneath the rear window the court ruled he had no further reason to detain the driver to check his registration. Frye thus relies on the law of these cases to support his contention that the stop in this case was a random stop in violation of the Fourth Amendment. This court agrees.

R.C. 4513.05[1] and Rittman Ordinance No. 337.04[2] both only require one taillight on a motor vehicle. Frye was thus clearly in conformity with the law here. This court refuses to sanction stopping a vehicle and running a license and registration check solely based upon one taillight being out. The legislature has chosen not to make such an event a crime. Such a stop is thus akin to the random detentions struck down by the Supreme Court in *Prouse, supra.* Accordingly the assignment of error is well-taken.

The judgment of the trial court is reversed.

*Judgment reversed.*

BAIRD, P.J., and QUILLIN, J., concur.

---

[1] "Every motor vehicle * * * shall be equipped with at least one taillight mounted on the rear which, when lighted, shall emit a red light visible from a distance of five hundred feet to the rear * * *."

[2] "(a) Every motor vehicle * * * shall be equipped with at least one taillight mounted on the rear which, when lighted, shall emit a red light visible from a distance of 500 feet to the rear * * *."