The STATE of Ohio, Appellant,

v.

COATES, Appellee.

[Cite as *State v. Coates* (1990), 70 Ohio App.3d 1.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59382.

Decided Oct. 22, 1990.

*John T. Corrigan,* Prosecuting Attorney, and *Leo Gorie,* for appellant.
*Timothy Gauntner,* for appellee.

*Per Curiam.*

The state, in one assignment of error, challenges the trial court's suppression of physical evidence of the drug law violations of Samuel Coates.

At the suppression hearing, Cleveland police officer Allen Travis told the court that on July 16, 1989, while patrolling a residential area with a high incidence of drug trafficking, he observed two men leaning into the defen-

dant's parked car. When the men saw his patrol car, they dispersed on foot while the defendant drove away in the automobile, with the officer following behind.

A police registration check revealed the car was registered to a woman, though only men occupied the vehicle. Officer Travis told the court that, when he witnessed the defendant drive his car left of the center line of the street, he pulled the automobile over in order to issue a traffic citation. Evidence adduced at the hearing, however, indicated the vehicle was travelling on a designated one-way street with no center line.

When the defendant could not produce a driver's license upon request, the officer ordered him, as well as his passengers, from the vehicle, patted them down and locked them in the zone car. Though the patrolman admitted running a license check, he could not recall that records showed the defendant's license, at the time, was being held in a Lake County Mayor's Court until a fine was paid.

Police ordered the vehicle towed from the scene. During the purportedly routine inventory search, the officers discovered thirty-four packets of crack cocaine in a black, zippered bag under the driver's seat, as well as an additional one bag plus fifty rocks of crack in a back seat ashtray. The officers arrested the defendant for drug law violations.

The trial court, in granting the defendant's motion to suppress, determined that the police officers had no authority to detain the defendant in order to check his license as he could not have violated a traffic law by driving in the left lane of a residential one-way street with no center line and cars parked in the curb lane.

Where, as here, a police officer has no articulable and reasonable suspicion that a motorist is unlicensed, an automobile unregistered or that the driver has violated a law, he cannot detain the driver in order to check his operator's license. *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237; *Fairborn v. Orrick* (1988), 49 Ohio App.3d 94, 550 N.E.2d 488; *State v. Frye* (1985), 21 Ohio App.3d 133, 21 OBR 141, 487 N.E.2d 580. Under such circumstances police may not initiate an inventory search of an automobile as a pretext to cloak their true intention of gathering evidence, without a warrant, which will tend to support a mere suspicion of wrongdoing. *State v. Caponi* (1984), 12 Ohio St.3d 302, 12 OBR 375, 466 N.E.2d 551; *State v. Jenkins* (July 5, 1990), Cuyahoga App. Nos. 57220 and 57221, unreported, 1990 WL 93201.

*Judgment affirmed.*

FRANCIS E. SWEENEY, P.J., PRYATEL and STILLMAN, JJ., concur.

Saul G. Stillman and August Pryatel, JJ., retired, of the Eighth Appellate District, sitting by assignment.