The STATE of Ohio, Appellee,

v.

VANCE, Appellant.

[Cite as *State v. Vance* (1991), 72 Ohio App.3d 589.]

Court of Appeals of Ohio,
Wayne County.

No. 2584.

Decided Feb. 20, 1991.

*Christopher Greene,* Assistant Prosecuting Attorney, for appellee.

*Michael A. Dibble,* Assistant Public Defender, for appellant.

REECE, Judge.

In this appeal we examine the permissible scope of a lawful stop of a motor vehicle. On May 9, 1990, Patrolman John M. Rittenhouse of the Wooster Police Department received a radio transmission that the driver of a red van was intoxicated. After locating and stopping a vehicle which matched this description, the officer confronted the operator, appellant Lester A. Vance. Patrolman Rittenhouse took Vance's name and social security number and noticed two empty beer cans inside the vehicle. The officer concluded from his observations, however, that Vance was not noticeably intoxicated.

Patrolman Rittenhouse returned to his vehicle and ran a routine computer check using the information he had received from Vance. This inquiry revealed that Vance's license was under suspension. The officer issued a citation for operating under a suspended license.

Vance moved to suppress the citation on the grounds that Patrolman Rittenhouse's investigation into his driving status was an unreasonable search and seizure prohibited by the Fourth Amendment to the United States Constitution. The trial court disagreed and Vance pled no contest to the charge of driving under suspension, R.C. 4507.02(D). This appeal follows.

### Assignment of Error

"The trial court erroneously concluded that the arresting officer properly detained defendant's vehicle for the purpose of determining the status of defendant's driving privileges."

Vance does not dispute the trial court's finding of fact. He also does not question that Patrolman Rittenhouse had probable cause to make the initial stop to investigate his sobriety. Vance maintains that, as a matter of law, the

officer exceeded the bounds of a permissible stop and investigation when he conducted the license check after determining that Vance was not intoxicated.

In *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237, the Ohio Supreme Court applied the Fourth Amendment's exclusionary rule to an investigation similar, in some respects, to that presented here. The arresting officer had stopped the driver for failing to display license plates. Upon approaching the vehicle, however, he observed valid temporary tags through the rear window. Despite this revelation, he took the driver's license, ran a record check, and discovered that it was under suspension. The court held that once the officer had determined that no crime had been committed, he could no longer detain the driver to further determine the validity of his license. *Id.* at 63, 11 OBR at 253–254, 463 N.E.2d at 1240–1241. See, also, *State v. Frye* (1985), 21 Ohio App.3d 133, 133–134, 21 OBR 141, 141–143, 487 N.E.2d 580, 581; *State v. Keathley* (1988), 55 Ohio App.3d 130, 131, 562 N.E.2d 932, 933.

Turning to the instant case, the trial court determined that Patrolman Rittenhouse procured Vance's name and social security number *during* his legitimate investigation for impaired driving. Under the circumstances, we find such questioning to be entirely proper. See *United States v. Neu* (C.A.10, 1989), 879 F.2d 805, 808; cf. *Fairborn v. Orrick* (1988), 49 Ohio App.3d 94, 550 N.E.2d 488. *After* determining that Vance was sober, the officer returned to this vehicle to conduct his record check.

In contrast to *Chatton,* there is no indication in the record of any continued detention of Vance once Patrolman Rittenhouse's suspicions of intoxication were resolved. He did not, as far as the evidence reveals, withhold Vance's license, order him out of the van, or otherwise indicate that he was not free to leave the scene. It is fundamental that an illegal seizure requires a restraint upon the freedom of movement. *Terry v. Ohio* (1968), 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889, 904–905. Patrolman Rittenhouse was free to complete his license check with information already lawfully obtained. After learning Vance was under suspension, the officer properly confronted him a second time and issued the citation.

The assignment of error is overruled. The trial court is affirmed in all respects.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.