**The STATE of Ohio, Appellant,**

**v.**

**GUYSINGER, Appellee.**

[Cite as *State v. Guysinger* (1993), 86 Ohio App.3d 592.]

Court of Appeals of Ohio,
Ross County.

No. 1866.

Decided March 2, 1993.

*Thomas E. Bunch,* Assistant Chillicothe Law Director, for appellant.

*Spetnagel & Benson* and *J. Jeffrey Benson,* for appellee.

HARSHA, Judge.

Plaintiff, the state of Ohio, appeals from a decision of the Chillicothe Municipal Court granting defendant-appellee's motion to suppress evidence based on lack of reasonable suspicion to stop the defendant.

Appellant asserts the following assignment of error:

"The trial court erred in finding no probable cause to stop when arresting officer observed Defendant's vehicle with only one operative taillight or brake light, the other taillight and/or brake light being damaged and failing to comply with the standards set forth in the Ohio Administrative Code."

Having fully considered this assignment of error, we affirm the decision of the trial court.

On January 24, 1992, Trooper Barnes and Trooper Rosta stopped appellee's vehicle to issue a "defective warning" because one of the brake lights on appellee's vehicle "was showing white instead of red." Trooper Barnes testified that he did not see the appellee commit any moving violations, nor did he notice any other safety violations. After he stopped appellee, Trooper Barnes noticed an odor of alcohol, conducted field sobriety tests and subsequently arrested appellee. Appellee was charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1); unauthorized use of a motor vehicle, in violation of R.C. 2913.03; no operator's license, in violation of R.C. 4507.02; and failure to wear a safety belt, in violation of R.C. 4513.263.

The trial court granted defendant-appellee's motion to suppress in a judgment entry dated March 17, 1992. The trial court found that the officers did not have reasonable articulable suspicion to stop appellee. The state timely appealed.

In its sole assignment of error, appellant challenges the trial court's finding of lack of reasonable suspicion to stop the appellee.[1]

In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. See, e.g., *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, 981, citing *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 57, 437 N.E.2d 583, 584; see, also, *State v. Dreher* (July 28, 1992), Highland App. No. 786, unreported, 1992 WL 188501. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fausnaugh* (Apr. 30, 1992), Ross App. No. 1778, unreported, 1992 WL 91647. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. *Dreher* and *Fausnaugh, supra.*

The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual to investigate if the officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271. In justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which would warrant a reasonably cautious person in the belief that the action taken was appropriate. *Terry, supra,* 392 U.S. at 19–20, 88 S.Ct. at 1878–1879, 20 L.Ed.2d at 904–905.

---

1. Although appellant uses the term "probable cause," the trial court granted the motion to suppress on a finding of lack of reasonable suspicion, which is the proper standard for an investigatory stop. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

■ In the case at bar, Trooper Barnes stopped the appellee because one of his brake lights showed white light instead of red. The trooper did not charge appellee with a violation of any statute because of this defective brake light.

R.C. 4513.05 provides: "Every motor vehicle * * * shall be equipped *with at least one* taillight mounted on the rear which, when lighted, shall emit a red light visible from a distance of five hundred feet to the rear * * *." (Emphasis added.)

R.C. 4513.071 provides: "All motor vehicles when operated upon a highway shall be equipped with *at least one* stop light mounted on the rear of the vehicle which shall be activated upon application of the service brake, and which may be incorporated with other rear lights. Such stop lights when actuated shall emit a red light visible from a distance of five hundred feet * * *." (Emphasis added.)

The statutes clearly provide that motor vehicles need only have one operating taillight to conform to the statutes. *State v. Frye* (1985), 21 Ohio App.3d 133, 21 OBR 141, 487 N.E.2d 580. See, also, *State v. Fullan* (Apr. 5, 1991), Portage App. No. 90–P–2192, unreported, 1991 WL 54152. Trooper Barnes testified that appellee's vehicle had one taillight which showed a red light and one which showed a white light. Standing alone and based solely on the above statutes, the white taillight did not provide the arresting officer with the requisite reasonable suspicion to stop appellee. *State v. Ackley* (June 5, 1987), Ross App. No. 1343, unreported, 1987 WL 12455, citing *Frye*.

Appellant's argument in this appeal centers around a section of the Ohio Administrative Code which appears to require motor vehicles to be equipped with two or more stop lamps. Ohio Adm.Code 4501–15–02(C)(1). However, appellant did not raise the issue of this regulation's applicability below and we therefore hold that appellant waived this argument. The general rule is that an appellate court will not consider any error which counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524, 526, citing *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, paragraph three of the syllabus.

Accordingly, we hold that the trial court correctly determined that the arresting officers did not have reasonable suspicion to stop appellee. Appellant's assignment of error is overruled.

*Judgment affirmed.*

Stephenson and Peter B. Abele, JJ., concur.