OPINION
Appellant Maurice Allen appeals the decision of the Licking County Court of Common Pleas that denied his motion to suppress statements that he made to officers while in custody at the Licking County Sheriff's Department. The following facts give rise to this appeal. On April 23, 1999, the Licking County Sheriff's Department executed a "no knock" search warrant for controlled substances at 308 Elmwood Avenue, Newark. Ten to fourteen members of the Strategic Operations Group from the Central Ohio Drug Enforcement Task Force executed the search warrant. Upon entry into the residence, in order to distract the residents of the house and for officers' safety, the officers used a flash bang device to start a fire in the cushion of a piece of furniture. After entry into the residence, the officers detained all residents, including appellant. While at the scene, Officer Timothy Elliget, a criminalist with the Newark Police Department, asked appellant several questions. Officer Elliget first asked appellant to provide identification. Appellant advised Officer Elliget that his identification was upstairs, in the middle bedroom, on a shelf in the closet. Officer Elliget retrieved appellant's identification and noticed a large amount of cash and a safe. Without advising appellant of his Miranda rights, Officer Elliget proceeded to ask appellant questions concerning what he found in his room. Appellant admitted that he owned some clothes, shoes, and jewelry found in the bedroom. Thereafter, appellant was transported to the Licking County Sheriff's Department where he was subsequently questioned by Detective Rob Wells and Lieutenant Rob Mitchell of the Central Ohio Drug Enforcement Task Force. Prior to this questioning, Lieutenant Mitchell advised appellant of his Miranda rights and appellant signed a form waiving his rights. As a result of the questioning, appellant admitted that he owned the jewelry, shoes, pager and a safe found in his bedroom. Toward the end of the interview, appellant requested the assistance of an attorney and the officers terminated the questioning and contacted an attorney for appellant. On August 23, 1999, the Licking County Grand Jury indicted appellant for possessing crack cocaine and preparation of drugs for sale. Appellant filed a motion to suppress on October 8, 1999. In the motion, appellant sought to suppress statements he made to Officer Elliget, while at the residence, and Detective Wells and Lieutenant Mitchell while at the Licking County Sheriff's Department. Following a hearing, the trial court issued a judgment entry on October 25, 1999, and granted the motion to suppress in part. The trial court found Officer Elliget's question concerning identification was proper. However, the other questions asked by Officer Elliget were improper because appellant had not been advised of his Miranda rights. The trial court denied appellant's motion to suppress as it pertained to the questions asked by Detective Wells and Lieutenant Mitchell at the Licking County Sheriff's Department because appellant was advised of his Miranda rights and made a knowing, voluntary and intelligent waiver of his rights. Appellant appeared before the trial court on January 3, 2000, and changed his plea of not guilty to the two counts contained in the indictment to a plea of no contest. The trial court sentenced appellant accordingly. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO SUPPRESS DEFENDANT'S STATEMENTS TO DETECTIVE WELLS AND LT. MITCHELL MADE IN THE COURSE OF INTERROGATION AT THE LICKING COUNTY SHERIFF'S OFFICE.
 I
In his sole assignment of error, appellant contends the trial court should have granted his motion to suppress statements he made to Detective Wells and Lieutenant Mitchell at the Licking County Sheriff's Department. We disagree. On appeal, appellant challenges the trial court's decision as to the ultimate issue raised in his motion to suppress. He does not contend the trial court's findings of fact are against the manifest weight of the evidence or that the trial court applied the wrong law. When reviewing this type of claim, we must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993),85 Ohio App.3d 623, 627; and State v. Guysinger (1993), 86 Ohio App.3d 592,594. It is based on this standard that we review appellant's sole assignment of error. The thrust of appellant's argument on appeal is that the coercive circumstances surrounding the obtaining of the prior un-Mirandized statements, at the residence, so tainted the process of interrogation as to render the procedural safeguards employed by Detective Wells and Lieutenant Mitchell, at the Licking County Sheriff's Department, ineffective in securing appellant's privilege against self-incrimination. Appellee State of Ohio has the burden to prove that appellant made a knowing, intelligent and voluntary waiver of his constitutional rights. A defendant's signature on a Miranda waiver is strong proof of the validity of the waiver but is not conclusive proof that the waiver was made knowingly and intelligently. State v. Scott (1980), 61 Ohio St.2d 155, paragraph one of the syllabus. In the case of State v. Dailey (1990),53 Ohio St.3d 88, 91, the Ohio Supreme Court quoted the United States Supreme Court in Moran v. Burbine (1986), 475 U.S. 412, and stated that the determination of whether a defendant knowingly and intelligently waived his Miranda rights involves a two-step process. "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Moran at 421. "Only if the `totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." Id. In support of his sole assignment of error, appellant cites to two United States Supreme Court cases. The first case is Oregon v. Elstad (1980),470 U.S. 298. In the Elstad case, the Supreme Court stated that: * * * [a]bsent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion. A subsequent administration of Miranda warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement. In such circumstances, the finder of fact may reasonably conclude that the suspect made a rational and intelligent choice whether to waive or invoke his rights.
* * *
Though belated, the reading of [Elstad's] rights was undeniably complete. * * * There is no question that [Elstad] knowingly and voluntarily waived his right to remain silent before he described his participation in the burglary. It is also beyond dispute that [Elstad's] earlier remark was voluntary, within the meaning of the Fifth Amendment. Neither the environment nor the manner of either `interrogation' was coercive. The initial conversation took place at midday, in the living room area of [Elstad's] own home, with his mother in the kitchen area, a few steps away. Id. at 314-315.
Appellant relies on the Elstad case for the purpose of arguing that because his initial admissions, at the residence, were obtained through coercive tactics, his later admissions, after being advised of his Miranda rights at the sheriff's department, were also coerced because appellant believed the warnings came at the end of the interrogation process. Appellant also relies on the case of Westover v. United States (1966), 384 U.S. 436, which the Supreme Court decided together with the Miranda case. The Westover case involved questioning conducted by local police officers and FBI agents. In the Westover case, local police officers questioned appellant for a lengthy period of time. The defendant did not admit anything to the local officers. Thereafter, special agents of the FBI questioned appellant for two hours, about other federal matters, which resulted in a signed confession. The Supreme Court held that the defendant did not make a knowing, voluntary and intelligent waiver of his Miranda rights prior to the time he made the confessions, even though the questioning was conducted by two separate law enforcement authorities, because the questioning had the impact, on defendant, of being one continuous period of questioning. Id. at 496. We do not find the above two cases cited by appellant persuasive under the facts of this case. Instead, we find the facts support the conclusion that appellant made a knowing, voluntary and intelligent waiver of his Miranda rights because the questioning by the officers were two distinct and separate acts and did not result in one continuous period of questioning. Officer Elliget first questioned appellant at his residence. This was separated by a short period of time during which appellant was transported to the Licking County Sheriff's Department. Thereafter, Detective Wells and Lieutenant Mitchell met with appellant and administered the Miranda warnings. At the suppression hearing, Lieutenant Mitchell testified that he advised appellant of his Miranda rights, appellant indicated that he understood his rights and signed a form waiving his rights. Tr. Suppression Hrng. at 23. The record further supports the conclusion that appellant understood his rights because toward the end of the questioning, appellant invoked his right to counsel and Detective Wells and Lieutenant Mitchell ceased questioning appellant. Id. Accordingly, we conclude appellant made a knowing, voluntary and intelligent waiver of his Miranda rights and the trial court did not err when it denied his motion to suppress statements he made to Detective Wells and Lieutenant Mitchell at the Licking County Sheriff's Department. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Reader, V.J. Hoffman, P.J., and Wise, J., concur.