DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Ottawa County Municipal Court which denied a motion to suppress filed by appellant, Aaron M. Hall. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. On September 5, 2000, appellant was charged with violations of R.C. 4511.19 (A)(1), operating a motor vehicle while under the influence; R.C. 4301.62(B)(4), open container in a motor vehicle; and R.C. 2923.16(C)(4), improper handling of a firearm in a motor vehicle. Appellant filed a motion to suppress. Following a hearing, the trial court denied appellant's motion to suppress. A jury found appellant guilty of operating a motor vehicle while under the influence and improper handling of a firearm in a motor vehicle. This appeal was timely filed.
In his sole assignment of error, appellant challenges the trail court's denial of his motion to suppress. This court finds no merit in this assignment of error.[1]
In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Mills (1992), 62 Ohio St.3d 357,366. Accordingly, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting those facts as true, this court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the legal standard set forth in Terry v. Ohio (1968), 392 U.S. 1; Statev. Klein (1991), 73 Ohio App.3d 486, 488.
The Fourth Amendment is not implicated in every police-citizen encounter. "Only when the officer, by means of physical force or show of authority" restrains "the liberty of a citizen" does an encounter rise to the level of a "seizure" for which Fourth Amendment concerns arise.Terry, supra, 392 U.S. at 20, fn. 16.
In State v. Wolske (May 29, 1998), Wood App. No.
WD-97-061, unreported, under facts similar to the case sub judice, this court found that a consensual encounter occurred when the defendant's vehicle was already stopped and the officer approached the defendant's vehicle based upon an anonymous tip of a possible DUI. Therefore, the Fourth Amendment was not implicated. An officer need not possess reasonable suspicion or probable cause to initiate a consensual encounter. State v. Bennett (June 21, 2000), Ross App. No. 99 CA 2509, unreported.
Upon consideration of the record and on authority of this court's decision in Wolske, supra, this court finds that the trial court did not err in denying appellant's motion to suppress. Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Ottawa County Municipal Court is affirmed. It is ordered that appellant pay court costs for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., Judge, CONCUR.
[1] At oral argument of this case, this court indicated to appellant's counsel that a transcript of the videotape of the hearing on appellant's motion to suppress, attached to appellant's brief pursuant to App.R. 9(A), lacked the certification as to its accuracy as required by App.R. 9(A). See, State v. Voiers (Oct. 19, 2001), Ottawa App. No. 01-OT-017, unreported. The day following oral argument, appellant's counsel filed a document captioned "Certification of Counsel As to Transcript Accuracy." Pursuant to the appellate rules, leave of this court should be sought before an appellant files a correction to the record. See, App.R. 9(E). Appellant's counsel has failed to so file. However, in the interests of justice and in the interests of reaching the merits of the controversy, this court will treat the filing as if appellant's counsel had followed the appellate rules and had obtained leave from this court to file a correction to the record.