OPINION
{¶ 1} Defendant Andrew Wiegand appeals a judgment of the Municipal Court of Licking County, Ohio, which convicted and sentenced him for operating a motor vehicle while under the influence of alcohol and a marked lanes offense in violation of R.C. 4511.33. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE AS THERE WAS NO LEGITIMATE BASIS ARTICULATED BY THE WITNESS FOR THE PROSECUTION SUFFICIENT TO JUSTIFY THE WARRANTLESS SEIZURE OF THE DEFENDANT-APPELLANT."
 {¶ 3} The record indicates at approximately 2:17 a.m. on November 18, 2004, Ohio Highway Patrol Trooper Chad Maines was on patrol on State Route 79. Trooper Maines testified he observed a vehicle driving slowly back and forth in its lane, so he activated his in-car camera and followed the car. After the officer observed the car cross over the white center divider line on three occasions, he effected a traffic stop. At the hearing on the motion to suppress, Trooper Maines conceded the time of night played a role in his decision to stop the vehicle. The officer acknowledged the roadway was curvy and there was no other traffic. Trooper Maines testified there was no outstanding warrants for appellant, and stated he has discretion in deciding when to pull a vehicle over for a minor traffic violation. The court viewed the video tape Trooper Maines recorded from his patrol car.
 {¶ 4} Appellant originally pled not guilty, but after the court overruled his motion to suppress evidence gathered at the traffic stop, he changed his plea from not guilty to no contest.
 {¶ 5} There are three methods of challenging a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. Secondly, an appellant may argue the trial court did not apply the appropriate test or law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate issue raised in the motion to suppress. When reviewing this type of claim, an appellate court independently determines whether the facts meet the appropriate legal standard in any given case, without deference to the trial court's conclusion, State v. Curry
(1994), 95 Ohio App. 3d 93; State v. Claytor (1993),85 Ohio App. 3d 623. The Supreme Court has held generally, the determination of reasonable suspicion and probable cause is reviewed de novo on appeal, Ornelas v. U.S. (1996),517 U.S. 690.
 {¶ 6} Appellant challenges both the factual conclusions the trial court made, and its determination those facts were sufficient to permit the trooper to make the traffic stop. The trial court is the finder of fact in a motion to suppress, and this court must accept the trial court's fact findings if they are supported by competent and credible evidence, State v.Guysinger (1993), 86 Ohio App. 3d 592.
 {¶ 7} The trial court correctly cited Berkemar v. McCarthy
(1984), 468 U.S. 420, as standing for the proposition in order for a traffic stop to be constitutionally valid, the officer must have: (1) a reasonable suspicion, based on specific and articulable facts, that a law has been violated or criminal activities taken place; or (2) probable cause to believe the motorist has committed a specific traffic violation. The trial court further found it must view the stop in light of the totality of circumstances, citing State v. Freeman (1980),64 Ohio St. 2d 291.
 {¶ 8} The trial court found Trooper Maines had a reasonable articulable suspicion to believe appellant had committed several lane violations, because he observed appellant's car weaving in his lane and saw his car cross the centerline three times. The court concluded this was sufficient justification.
 {¶ 9} Appellant concedes a minor traffic violation may form the basis for initial detention of vehicle occupants, even when the minor traffic violation is a mere pretext for ulterior investigative motives of the officer. However, the nature of the violation should be considered when determining the constitutional propriety of the officer's actions, Dayton v.Erickson (1996), 76 Ohio St. 3d 3.
 {¶ 10} Appellant argues his vehicle did not leave the roadway, and did not cross onto the brim. The video tape shows it was or had been raining and the road appeared wet. Appellant asserts his wheel may have touched the broken line, which is intended to be crossed under normal use of the roadway. Appellant concedes it may even have happened very briefly on more than one occasion. Appellant urges this is the merest de minimis violation and is legally insufficient to permit a traffic stop.
 {¶ 11} We have reviewed the record, and we find there is sufficient competent and credible evidence supporting the trial court's findings of fact. Further, we find the trial court properly applied Ohio law to the facts, and did not err in overruling the motion to suppress.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.
Gwin, J., Wise, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed. Costs to appellant.