[Cite as *State v. Hmedian*, 2014-Ohio-5728.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | |
| -vs- | |
| | Case No. 2014CA000117 |
| ADEL AHMED HMEDIAN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas, Case No. 2013CR1058(A)

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 22, 2014

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOHN D. FERRERO,
Prosecuting Attorney,
Stark County, Ohio

By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South - Suite 510
Canton, Ohio 44702-1413

EUGENE O'BYRNE
101 Central Plaza South
Suite 500
Canton, Ohio 44702

*Hoffman, P.J.*

{¶1}  Defendant-appellant Adel Ahmed Hmedian appeals the denial of his motion to suppress entered by the Stark County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On July 5, 2013, officers from the Special Investigation Unit of the Canton Police Department executed a search warrant at Appellant's place of business, the In and Out Mart.  The Canton Police Department had been investigating Appellant's store since February of 2013, utilizing a Confidential Informant to purchase synthetic marijuana from Appellant.

{¶3}  On May 3, 2013, a confidential informant made a controlled buy at the store.  A second controlled buy was made on May 21, 2013, using a different confidential informant.  Items obtained during both buys were sent to the Stark County Crime Lab for analysis.  The items tested positive for Schedule I analogues.

{¶4}  Officers arranged a third buy from Appellant's store on July 2, 2013. Appellant was not present in the store during the third buy, and the item recovered did not test positive as a schedule I substance.

{¶5}  The officers obtained a search warrant for the premises on July 3, 2013 prior to receiving the test results of the third controlled buy.  On July 5, 2013, the officers executed the search warrant, entering the In and Out Mart and immediately detaining and handcuffing Appellant and his employee.  The officers recovered items from the store, some of which subsequently tested positive for being synthetic marijuana, bath salts and K2 spice, Schedule I substances.

{¶6} On September 4, 2013, Appellant was indicted on two counts of aggravated trafficking in drugs; two counts of aggravated possession of drugs; and one count of illegal use of supplemental nutritional benefits.

{¶7} On November 26, 2013, Appellant filed a motion to suppress evidence obtained as a result of the search. The trial court conducted a suppression hearing on January 15, 2014. The trial court denied the motion to suppress.

{¶8} A superseding indictment was filed on February 4, 2014. Appellant was indicted on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1)(C)(1)(c), a third degree felony; one count of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(b), a third degree felony; and one count of illegal use of supplemental nutritional benefits, in violation of R.C. 2913.46(B), a fifth degree felony.

{¶9} On May 9, 2014, Appellant entered a plea of no contest to the charges. The trial court subsequently found Appellant guilty of the charges, entering a conviction in accordance therewith. The trial court sentenced Appellant to a total term of two years in prison.

{¶10} Appellant appeals, assigning as error,

{¶11} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE BY INCORRECTLY DECIDING THE ULTIMATE ISSUE PRESENTED IN APPELLANT'S MOTION TO SUPPRESS.

{¶12} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT EXCLUDED EVIDENCE REGARDING POLICE OFFICERS EMPLOYED AT

APPELLANT'S STORE DURING THE TIME PERIOD OF THE ALLEGED CRIMINAL ACTIVITY."

I

{¶13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N .E.2d 726. The United States Supreme Court held in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, that "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶14} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. When issuing a search warrant, a trial judge or magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information,

there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. George* (1980), 45 Ohio St.3d 325, at paragraph one of the syllabus, citing *Illinois v. Gates* (1983), 462 U.S. 213, 238–239. As a reviewing court, we must accord great deference to the issuing judge's determination of probable cause. *See George,* at paragraph two of the syllabus. Doubtful or marginal cases should be resolved in favor of upholding the warrant. *Id.* The United States Supreme Court has held that the totality of the circumstances must be examined in determining whether probable cause existed for a search warrant. *Illinois v. Gates, supra.* "Probable cause" means only the probability and not a prima facie showing of criminal activity. *George, supra,* at 644. *See, also, Beck v. Ohio* (1964), 379 U.S. 89.

{¶15} In *State v. George* 45 Ohio St.3d 325, (1989) the Ohio Supreme Court held,

From the foregoing language, it is clear that reviewing courts may not substitute their own judgment for that of the issuing magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant. On the contrary, reviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. *Gates, supra,* at 237, fn. 10, 103 S.Ct. at 2331, fn. 10. It is equally important to note that, in this context, "reviewing court" clearly includes a trial court conducting a suppression hearing as well as

the appellate courts, insofar as we are all conducting the same "after-the-

fact scrutiny" of the sufficiency of the affidavit.

*State v. George*, 45 Ohio St.3d 325, 330, 544 N.E.2d 640, 645 (1989).

**{¶16}** Search warrants and their accompanying affidavits enjoy a presumption of validity. *State v. Wallace,* 7th Dist. Nos. 11 MA 137-11, MA 155, 2012-Ohio-6270. The duty of a reviewing court is to ensure probable cause existed at the time the search warrant was executed. *Gates,* supra, at 214.

**{¶17}** Accordingly, this Court must determine whether the affiant, Detective Smith of the Canton Police Department, provided a substantial basis for the trial court to determine if there was a fair probability Schedule I controlled substances (synthetic marijuana) and other inventory used to commit the crime of trafficking in a controlled substance were present in Appellant's place of business.

**{¶18}** The May 3 and May 21 controlled buys yielded a positive test result for a controlled substance. However, Appellant argues the evidence was stale at the time of the search.

**{¶19}** The Sixth Circuit of United States Court of Appeals in *United States v. Brooks* (2010), 594 F.3d 488 addressed the issue raised herein. In that case, Mr. Brooks had been indicted for possession with the intent to distribute cocaine base (crack) after police executed a search warrant on his residence and found, among other things, 136.21 grams of crack. Brooks moved to suppress the evidence on the grounds the affidavit submitted in support of the application for the search warrant was insufficient to give rise to probable cause to search the residence. Specifically, Brooks argued the majority of the information in the search warrant affidavit was stale and what

information was not stale was insufficient to give rise to probable cause to search the residence. The district court agreed and suppressed all of the evidence obtained from the search. The government appealed that ruling. Although the Court of Appeals for the Sixth Circuit agreed with the district court much of the information set forth in the affidavit was stale, the Court found the non-stale information was, on its own, sufficient to give rise to probable cause to believe that contraband or evidence of a crime would be present in Brooks' residence. It therefore reversed the judgment of the district court and remanded the case for further proceedings.

{¶20} In reviewing the facts, the Sixth Circuit Court of Appeals noted whether information is stale depends on the inherent nature of the crime. Whether information is stale in the context of a search warrant turns on several factors, such as "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), [and] the place to be searched (mere criminal forum of convenience or secure operational base?)." *United States v. Hammond,* 351 F.3d 765, 771–72 (6th Cir.2003) (quoting *United States v. Greene,* 250 F.3d 471, 480–81 (6th Cir.2001)). In the context of drug crimes, information goes stale very quickly "because drugs are usually sold and consumed in a prompt fashion." *United States v. Frechette,* 583 F.3d 374, 378 (6th Cir.2009). *Brooks,* 594 F.3d at 493.

{¶21} Here, we do not find the lapse of less than two months between the first two buys and the issuance of the search warrant sufficient to outweigh the probability evidence of a drug crime would still be found at the location. The officer averred he was familiar with Appellant and the location, and Appellant sold controlled substance

analogs from his business. Appellant was also involved in the distribution and exchange of food stamps and WIC vouchers. Appellant was involved in a continuing operation of selling controlled substances from his place of business. We find the trial court did not err in finding sufficient probable cause to issue the search warrant herein.

**{¶22}** Appellant's first assignment of error is overruled.

II

**{¶23}** Appellant argues the trial court erred in not allowing the testimony of Canton Police Department officers who worked at his store. Appellant asserts the testimony would establish he did not sell the substances knowingly.

**{¶24}** The State filed a motion in limine to preclude the evidence. The trial court granted the motion finding "most importantly under Rule 403 that its probative value is substantially outweighed by the chance of prejudicing the jury, the case and confusing the jury."

**{¶25}** A ruling on a motion in limine is an interlocutory ruling. To preserve the issue for appellate review, the issue must be raised at trial. Because Appellant pled no contest, he has waived this issue for appeal.

**{¶26}** Appellant's second assignment of error is overruled.

**{¶27}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J.  and

Delaney, J. concur