[Cite as *State v. Beard*, 2015-Ohio-3595.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-830 |
| v. | : | (C.P.C. No. 13CR-5485) |
| Adrian D. Beard, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 3, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Todd W. Barstow*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Adrian D. Beard, appeals the October 17, 2014 judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a plea of no contest, and pronouncing sentence. For the reasons that follow, we reverse the judgment of the trial court.

I. Facts and Procedural History

{¶ 2} On October 15, 2013, a Franklin County Grand Jury filed an indictment charging appellant with two criminal counts: (1) carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree; and (2) having a weapon while under disability in violation of R.C. 2923.13, a felony of the third degree. On February 8, 2014, appellant filed a motion to suppress evidence. On March 21, 2014, the state filed a memorandum contra appellant's motion to suppress. On June 6, 2014, the state filed a

supplement to its March 21, 2014 memorandum. On May 15 and June 14, 2014, the trial court conducted a hearing on the motion to suppress. On September 16, 2014, the trial court filed an entry denying the motion.

{¶ 3} On September 17, 2014, appellant entered a plea of no contest to the charged offenses, which the trial court accepted. The trial court found appellant guilty of having a weapon while under disability and dismissed the count of carrying a concealed weapon. The trial court imposed a sentence of imprisonment for a term of three years suspended on successful completion of community control for a period of five years. On September 18, 2014, the trial court filed a judgment entry reflecting appellant's conviction and sentence.

## II. Assignment of Error

{¶ 4} Appellant appeals assigning the following sole error for our review:

> I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO SUP-PRESS.

{¶ 5} In his assignment of error, appellant asserts that the trial court erred by denying his motion to suppress evidence because the search in question was completed without voluntary consent.

{¶ 6} The Fourth Amendment to the U.S. Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 14 of the Ohio Constitution, prohibit the government from conducting warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *State v. Jones*, 188 Ohio App.3d 628, 635, 2010-Ohio-2854, ¶ 11 (10th Dist.), citing *State v. Mendoza*, 10th Dist. No. 08AP-645, 2009-Ohio-1182, ¶ 11, citing *Katz v. United States*, 389 U.S. 347, 357 (1967). "One exception permits police to conduct warrantless searches with the voluntary consent of the individual." *Columbus v. Bickis*, 10th Dist. No. 09AP-898, 2010-Ohio-3208, ¶ 19, citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973).

{¶ 7} "It is well settled that consent to a warrantless search will not be held invalid nor the resulting search unreasonable when one with authority over the premises voluntarily permits the search." *State v. Sneed*, 63 Ohio St.3d 3, 7 (1992), citing *Schneckloth*. "[T]he State has the burden of proving that the necessary consent was

obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority." *Florida v. Royer*, 460 U.S. 491, 497 (1983). *See also State v. Alihassan*, 10th Dist. No. 11AP-578, 2012-Ohio-825, ¶ 26; *State v. Saleem*, 8th Dist. No. 99330, 2013-Ohio-3732, ¶ 25, citing *State v. Posey*, 40 Ohio St.3d 420, 427 (1988). "The question of whether consent to a search was voluntary or the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances." *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 99, citing *Schneckloth* at 227. *See also State v. Pierce*, 125 Ohio App.3d 592, 598 (10th Dist.1998); *State v. Limoli*, 10th Dist. No. 11AP-924, 2012-Ohio-4502, ¶ 37 (finding that the trial court must "determine, under the totality of the circumstances, whether the individual gave consent voluntarily" and that such finding "must be supported by clear and convincing evidence").

{¶ 8}   "Appellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact." *State v. Holland*, 10th Dist. No. 13AP-790, 2014-Ohio-1964, ¶ 8. When considering a motion to suppress, the trial court, as trier of fact, is in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Gravely*, 188 Ohio App.3d 825, 2010-Ohio-3379, ¶ 23 (10th Dist.). "In reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by competent, credible evidence, and must independently determine as a matter of law whether the facts meet the 'voluntariness' standard." *State v. Mardis*, 134 Ohio App.3d 6, 23 (10th Dist.1999), citing *State v. Guysinger*, 86 Ohio App.3d 592, 594 (1993). *See also Holland* at ¶ 8, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶ 9}   In the present matter, at the suppression hearing, the state presented testimony from Columbus police officers. First, Officer James Null testified that, on February 24, 2013, at approximately 3:22 a.m., he received a report that a person had been threatened by someone displaying a firearm. When he arrived at the reported location, he met Kadijiah Robinson, who stated that, while visiting the apartment of her cousin, Seniqua Fagain, she became involved in a verbal altercation with her cousin's boyfriend, whom she named as appellant. According to Officer Null, Robinson alleged that appellant "picked up his shirt and displayed a pistol and said something to the effect

of, 'I'm about that life.' " (May 15, 2014 Tr. 9.) Robinson perceived appellant's actions and statement as a threat and fled the apartment.

{¶ 10} Officer Null, accompanied by three other Columbus police officers, Dustin Green, John Groom, and Casey Spann, proceeded to Fagain's apartment. When the officers arrived at the apartment, they had their guns displayed and ready in hand. They identified themselves to Fagain and provided the reason for their appearance. Officers removed Fagain from the apartment and placed her in handcuffs due to the report of a firearm on the premises. Officer Null, looking into the apartment from the front door, observed appellant lying on the couch inside the apartment. Two officers entered the apartment and detained appellant, placing him in handcuffs and removing him from the apartment. The officers asked Fagain if anyone else was in the apartment; when Fagain stated that no one else was in the apartment, two officers again entered the apartment, checked the bedroom, and found Alfunzo Collins asleep in the bedroom.  Collins was also detained, placed in handcuffs, and taken outside the apartment.

{¶ 11} According to Null, Fagain stated that she was the leaseholder and sole resident of the apartment. When asked whether there were any firearms in the apartment, Fagain stated that there were none and that "she does not allow firearms in her house." (May 15 Tr. 14.) Officer Null asked for and received permission to search the residence for a firearm. Officers Null and Spann entered the apartment and immediately found a pistol under the couch where appellant was lying.

{¶ 12} Fagain also testified at the suppression hearing that, at the time of the incident, appellant had been consistently staying at her apartment for approximately one year. Fagain specifically stated that appellant was spending the night in question at her apartment and that he had spent the previous night with her. She stated that appellant and Robinson had an argument but denied that appellant had a weapon during the altercation. According to Fagain, the officers did not ask for permission to search her apartment. Fagain testified that, when she opened the door, the officers had their guns pointed at her and that she was scared.  When asked, "[e]ven if they would have asked you about if they could search, would you have felt like you could have told them no based upon what was going on," Fagain replied, "No, just the way they was acting." (June 4 Tr. 17-18.)

{¶ 13} The state first argues that appellant does not possess standing to challenge the search because "Fagain was the sole occupant listed on the lease for the apartment." (State's Brief, 4.) The trial court agreed with the state's assertion, stating in its decision denying the motion to suppress that Fagain "was the sole occupant on the lease" and therefore "Defendant has no expectation of privacy in this situation." (Sept. 16, 2014 Decision and Entry.)

{¶ 14} Although the record reflects that Fagain testified that she was the sole leaseholder of the apartment, she also stated that appellant was staying overnight at the relevant time period.  Furthermore, Fagain testified that appellant was awake on the couch when the officers entered; however, she stated that he ordinarily slept in her bed in the apartment. The state does not dispute that appellant was an overnight guest but, rather, asserts that appellant lacked a privacy interest since he was not a listed occupant on the lease.

{¶ 15} We disagree with the state. It is well-established that, in order to have a privacy interest sufficient to provide standing to challenge a warrantless search, one need only be an overnight guest. *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990) ("We need go no further than to conclude, as we do, that Olson's status as an overnight guest is alone enough to show that he had an expectation of privacy in the home that society is prepared to recognize as reasonable."); *State v. Dennis*, 79 Ohio St.3d 421, 426 (1997). Therefore, as a matter of law, the trial court erred in finding that appellant had no legitimate expectation of privacy sufficient to provide standing to question the search at issue.

{¶ 16} Next, the state contends that appellant cannot contest the voluntariness of the consent given to search the apartment since the consent was given by Fagain, not appellant. We find the state's argument to be without merit. It has been recognized that a criminal defendant can challenge the voluntariness of a third-party's consent under the Fourth Amendment to the U.S. Constitution. *Bumper v. N. Carolina*, 391 U.S. 543 (1968). *See also United States v. Duran*, 957 F.2d 499, 501-3 (7th Cir.1992) (finding that defendant's wife voluntarily consented to search of residence and property); *United States v. Asibor*, 109 F.3d 1023, 1038-39 (5th Cir.1997) (finding that defendant's wife voluntarily consented to search of home); *United States v. Ayoub*, 498 F.3d 532, 542-43 (6th Cir.2007) (finding that daughter voluntarily consented to search of parents' home);

*United States v. Richards*, 741 F.3d 843, 847-50 (7th Cir.2014); *United States v. Stabile*, 633 F.3d 219, 230-33 (3d Cir.2011); *United States v. Graham*, 480 Fed.Appx. 453, 455-57 (9th Cir.2012).

{¶ 17} In *Bumper*, a defendant challenged the consent given by his grandmother to search their joint residence. The Supreme Court of the United States held that, "[w]hen a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given." *Id.* at 548. Because the court found that the government employed coercive tactics, it invalidated the consent given by the defendant's grandmother and held that it was a constitutional error to admit the evidence obtained as a result of the search.

{¶ 18} Similarly, Ohio courts have recognized that a criminal defendant can challenge the voluntariness of consent provided by a third party. *See State v. Prater*, 2d Dist. No. 24936, 2012-Ohio-5105, ¶ 21-22; *State v. Cook*, 1st Dist. No. C-130242, 2013-Ohio-5449, ¶ 25-26; *State v. Hamilton*, 122 Ohio App.3d 259, 264 (2d Dist.1997); *State v. Adams*, 5th Dist. No. 07-CA-47, 2009-Ohio-53, ¶ 9, 30-32; *State v. Trotter*, 8th Dist. No. 94648, 2011-Ohio-418, ¶ 12-18; *State v, Kinstle*, 5th Dist. No. 02 COA 36, 2003-Ohio-519, ¶ 10-15. In *Prater*, the defendant, who was a passenger in a vehicle that was driven by his friend and registered to his mother, challenged the voluntariness of consent to a search given by the driver. *Id.* at ¶ 16. The court reviewed the evidence and stated that it was "unconvinced that the circumstances clearly demonstrate that a reasonable person in [the driver's] position would have believed at that point that he was free to refuse to give consent." *Id.* at ¶ 22. Although the state contended that the defendant lacked standing to contest the constitutionality of the search and seizure of the items found in the car, the court disagreed and concluded that the trial court erred by failing to suppress the evidence found as a result of the search. *Id.* at ¶ 23-27.

{¶ 19} In *Hamilton*, the defendant's girlfriend, Loretta Taylor, consented to a search of her car, which the defendant was driving at the time police stopped them, and her apartment. Taylor stated that she was the only tenant on the lease. The defendant informed police that he also resided in the apartment but did not object to the search. The trial court found that Taylor's consent to search the car and apartment was invalid because it was the product of an unlawful detention and because the state had not

established that Taylor's consent was voluntary. Noting that "[t]he burden rests upon the prosecution to establish that the consent was voluntarily given, a burden which is not satisfied by showing a mere submission to a claim of lawful authority," the Second District affirmed the trial court's decision granting the defendant's motion to suppress. *Id.* at 264.

{¶ 20} We next turn to appellant's contention that the consent offered by Fagain was involuntarily obtained. In this case, although the trial court found that Fagain consented to the search, the court made no findings, either at the suppression hearing or in its decision denying the motion to suppress, regarding whether or not Fagain's consent was voluntary. However, appellant, in his motion to suppress, stated that "the government cannot meet their burden on proving consent to the search was voluntarily given." (Motion to Suppress, 5.) As this issue was raised by appellant throughout the proceedings, we cannot find that this argument was waived.

{¶ 21} We agree with appellant that it was insufficient for the trial court to determine that Fagain consented to the search without also making a finding as to the voluntariness of such consent. *See Limoli* at ¶ 36-37. Crim.R. 12(C) and (F) govern the process by which a trial court must adjudicate a pretrial motion to suppress evidence. Specifically, Crim.R. 12(F) provides that, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Here, the trial court failed to state on the record essential findings regarding the voluntariness of the consent given by Fagain. In *Limoli*, we held that such an omission requires us to remand the case to the trial court in order for it to make the necessary findings. *Limoli* at ¶ 38. *See also State v. Spain*, 10th Dist. No. 09AP-331, 2009-Ohio-6664, ¶ 29, citing *State v. Ogletree*, 8th Dist. No. 86285, 2006-Ohio-448, ¶ 15-17.

{¶ 22} Therefore, because the trial court did not make critical determinations or findings with respect to the voluntariness of consent, we find that the record is insufficient for this court to effectively review the trial court's decision to deny the motion to suppress. *Spain* at ¶ 29; *Limoli* at ¶ 49. Accordingly, we reverse the trial court's decision and remand this matter to that court for further proceedings and to render findings as to whether the consent given was voluntary under the totality of the circumstances. *See Pierce* at 599; *Roberts* at ¶ 99.

## III. Disposition

{¶ 23} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this case for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded with instructions.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____