[Cite as *State v. Mooney*, 2012-Ohio-852.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 8 |
| SANDRA MOONEY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  10 CR 65


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      February 23, 2012


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

CHRISTINE C. WILLIAMS               DAVID M. HUNTER
ASSISTANT PROSECUTOR                244 West Main Street
164 East Jackson Street             Loudonville, Ohio  44842
Millersburg, Ohio  44654

*Wise, J.*

{¶1} Defendant-Appellant Sandra Mooney appeals the decision of the Court of Common Pleas, Holmes County, which overruled her motion to suppress evidence in a case involving several drug-related offenses. The relevant facts leading to this appeal are as follows.

{¶2} On November 12, 2009, Officer Zambounis of the Medway Drug Enforcement Agency obtained a search warrant for Appellant Sandra Mooney's residence at 576-A South Washington Street, Millersburg. At that time, an additional search warrant was obtained for the adjoining residence of Sue Mooney, appellant's daughter, at 576-B South Washington Street. Medway officers had been suspicious of alleged drug activity involving appellant and/or her daughter since 2005. According to the warrant request, a confidential informant had attempted to buy marihuana from appellant in 2008 and was gifted a small quantity of the drug by appellant.

{¶3} The warrants directed law enforcement officers to search for the following property:

{¶4} "Marihuana or any other controlled substance as defined in Revised Code 3719.41; drug devices, instruments, or paraphernalia used to administer or to prepare for sale controlled substances; ledgers, computers, books or any other records relating to the sale, preparation, cultivation, or possession of controlled substances; or United States Currency relating to the sale or use of controlled substances; safes and weapons * * *."

{¶5} Medway officers proceeded to search 576-A and 576-B South Washington on November 12, 2009. As a result of the search, appellant was charged with Child

Endangering, a felony of the third degree; Cultivation of Marihuana, a fourth-degree misdemeanor; Possession of Drug Paraphernalia, a fourth-degree misdemeanor; and Possession of Marihuana, a minor misdemeanor.

{¶6} A preliminary hearing was conducted in the Holmes County Municipal Court on August 11, 2010. Appellant was indicted on August 17, 2010. Appellant thereafter filed a motion to suppress the evidence obtained as a result of the search of her residence. A hearing on the motion was held in the Holmes County Court of Common Pleas on October 5, 2010. After providing time for each side to present written memoranda, the trial court overruled the motion to suppress.

{¶7} The matter proceeded to trial on May 5, 2011. After the jury was impaneled, a plea arrangement was made whereby appellant pled to no contest to the following: Child Endangering, R.C. 2919.22(A)(1), a first-degree misdemeanor; Cultivation of Marihuana, R.C. 2925.04(A), a fourth-degree misdemeanor; Possession of Drug Paraphernalia, R.C. 2925.14(C)(1), a fourth-degree misdemeanor; and Possession of Marihuana, R.C. 2925.04(A), a minor misdemeanor. Appellant was sentenced, inter alia, to 180 days in jail, with 179 days suspended.

{¶8} On May 10, 2011, appellant filed a notice of appeal. She herein raises the following Assignment of Error:

{¶9} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS."

I.

{¶10} In her sole Assignment of Error, appellant contends the trial court erred in overruling her motion to suppress the evidence obtained as a result of the search warrant. We disagree.

{¶11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N .E.2d 726. As the United States Supreme Court held in *Ornelas v. U .S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶12} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. The United States Supreme Court has held that " '[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free

from unreasonable governmental intrusion.' " *Payton v. New York* (1980), 445 U.S. 573, 589-590, 100 S.Ct. 1371, 63 L.Ed.2d 639, quoting *Silverman v. United States* (1961), 365 U.S. 505, 511, 81 S.Ct. 679, 5 L.Ed.2d 734.

{¶13} In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, our duty is to ensure that the magistrate or judge who issued the warrant had a substantial basis for concluding that probable cause existed. *State v. George* (1980), 45 Ohio St .3d 325, paragraph two of the syllabus. An appellate court must not substitute its judgment for that of the magistrate or trial judge by conducting a de novo determination as to whether sufficient probable cause existed upon which to issue the search warrant. *Id.* A trial judge or magistrate, when issuing a search warrant, must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* at paragraph one of the syllabus, citing *Illinois v. Gates* (1983), 462 U.S. 213, 238-239. As a reviewing court, we must accord great deference to the trial court's determination of probable cause. *George,* at paragraph two of the syllabus. Doubtful or marginal cases should be resolved in favor of upholding the warrant. *Id.* The United States Supreme Court has held that the totality of the circumstances must be examined in determining whether probable cause existed for a search warrant. *Illinois v. Gates, supra.* "Probable cause" means only the probability and not a prima facie showing of criminal activity. *George, supra.* See also *Beck v. Ohio* (1964), 379 U.S. 89.

**{¶14}** In the case sub judice, appellant notes that all of the trash pulls indicated evidence of marihuana. Appellant's Brief at 7. However, appellant maintains that all of the trash pulls contained discarded mail belonging only to appellant's daughter, Sue, and that Officer Zambounis knew that Sue lived at 576-B, not at 576-A. She claims the only evidence concerning marihuana in her residence, 576-A, was from intelligence obtained by law enforcement in 2005 and 2008, the latter date being nearly a year and one-half before the warrant. Thus, appellant contends, while probable cause may have existed as to 576-B, the only information supporting a search of 576-A was effectively "stale" and would not have supported the warrant.

**{¶15}** The search warrant request affidavit prepared by Officer Zambounis states that trash pulls were made on October 21, 2009; October 28, 2009; November 4, 2009; and November 11, 2009. These resulted in marihuana residue, stems, and fresh cuttings/trimmings. Zambounis also conducted an online phone directory search and found both appellant and her daughter, Sue, were listed at 576 South Washington, with no reference to or differentiation between apartments "A" and "B." The phone directory search also indicated that Michael Farnsworth, who has a 2003 drug conviction on his record, was using the generic 576 South Washington address. Furthermore, some of the mail to Sue utilized 576-A in the address, even though she resided at 576-B.

**{¶16}** Upon review, affording due deference to the decision of the judge issuing the search warrant (*George*, supra), we hold the trial court, in relying upon Officer Zambounis' affidavit, had a substantial basis for concluding that probable cause existed to support the warrant's issuance.

**{¶17}** Having found no reversible error as to the validity of the search warrant, upon review we further hold the trial court did not err in denying the motion to suppress under the facts and circumstances of this case.

**{¶18}** Appellant's sole Assignment of Error is overruled.

**{¶19}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 0214

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                           :

          :

       Plaintiff-Appellee           :

          :

-vs-                            :            JUDGMENT ENTRY

          :

SANDRA MOONEY               :

          :

       Defendant-Appellant      :           Case No. 11 CA 8


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____
                                    JUDGES