THE STATE OF OHIO, APPELLEE, *v.* VAUGHN, APPELLANT.

(No. C-860863—Decided January 27, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Leonard Kirschner* and *Christian J. Schaefer,* for appellee.

*Ronald C. Harris,* for appellant Edward Vaughn.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Appellant was convicted on September 9, 1977, of one count of murder and one count of attempted murder. His convictions were timely appealed to this court. One of the *pro se* assignments of error set forth by appellant on direct appeal of his convictions raised the issue of racial discrimination in the selection of the jury which heard appellant's case. This court overruled the assignment of error on the basis of *Swain* v. *Alabama* (1965), 380 U.S. 202, which held that in order to establish a prima facie case of racial discrimination in jury selection, a defendant must show that prosecutors in the jurisdiction systematically used peremptory challenges to strike members of a particular racial group from juries. Appellant's convictions were affirmed by this court on direct appeal. *State* v. *Vaughn* (Oct. 4, 1978), Hamilton App. No. C-77633, unreported.

On August 22, 1986, appellant filed a petition for postconviction relief based upon the United States Supreme Court's decision in *Batson* v. *Kentucky* (1986), 476 U.S. 79, which overruled the *Swain* rule and held that a defendant may establish a prima facie case of purposeful discrimination in jury selection solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. Appellant argued in his petition that the rule of *Batson* should be applied retroactively to his case. Appellant also filed a motion for an evidentiary hearing on his petition for postconviction relief. The trial court overruled appellant's motion and petition on November 19, 1986. Appellant timely appealed.

Appellant's sole assignment of error alleges the trial court erred in overruling his petition for postconviction relief based upon the Supreme Court's decision in *Batson.*

In *Allen* v. *Hardy* (1986), 478 U.S.

255, which involved a federal habeas corpus petition, the Supreme Court held that *Batson* should not be applied retroactively on collateral review of convictions that became final before the *Batson* decision was announced. Further, the Supreme Court stated that "final" means that a judgment of conviction was rendered, availability of appeal exhausted and the time for petitioning for certiorari has elapsed. *Id.* Appellant in the case *sub judice* argues that his conviction is not "final" under *Allen* because he is not on appeal from the denial of his petition for postconviction relief. We disagree. It is clear that appellant's conviction is "final" under *Allen,* as he has fully exhausted his remedies on direct appeal of his convictions.

Because *Batson* is not to be applied retroactively to collateral attacks on convictions that have become final, the trial court did not err in overruling appellant's petition for postconviction relief. Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., SHANNON and UTZ, JJ., concur.