THE STATE OF OHIO, APPELLEE, *v.* KEATHLEY, APPELLANT.

(No. 88-CA-9—Decided October 28, 1988.)

*Tonya K. Thieman,* prosecuting attorney, for appellee.

*John E. Hemm,* for appellant.

WOLFF, J. John B. Keathley was charged with driving while under license suspension, in violation of the city of Troy ordinances. He moved unsuccessfully to dismiss and to suppress evidence, after which he entered a plea of no contest and was found guilty. Those portions of the penalty that the trial court did not suspend were stayed by the trial court pending appeal.

For his assignment of error, Keathley states:

"The trial court erred by overruling defendant's motion to suppress the evidence gathered by a police officer after it was determined that the driver did not violate any law giving rise to the original stop."

We affirm.

Troy Police Officer Michael Iiames stopped Keathley because he was unable to see the validation sticker on the rear license plate of the car Keathley was driving due to dirt and grime on the plate. Iiames was unable to see either the color or month of expiration of the sticker, and he had difficulty even reading the plate itself. He "called in" the license number for a registration check as he was stopping Keathley. After stopping the car, Iiames satisfied himself upon closer inspection of the rear plate that it bore a current validation sticker, but entertained some suspicion that the sticker did not belong to Keathley's car. Iiames inquired of Keathley about his operator's license, and obtained Keathley's social security number, which he also called in. Iiames first heard back from the dispatcher that the validation sticker did indeed belong to Keathley's car. Later, while the car was still stopped, the dispatcher reported to Iiames that Keathley's license was suspended, resulting in a citation for that offense.

The trial court overruled the motion, apparently concluding that the evidence established a lawful traffic stop pursuant to Troy Ordinances Section 335.10, which states that a license plate shall not be covered, obscured or concealed by any part or accessory of the vehicle or by any foreign substance or material, and shall be readable in its entirety from left to right.

Keathley argues on appeal that once Iiames learned that his car's registration was proper, he had no further right to detain him, pending verification of the status of his driving privileges. He cites *State* v. *Chatton* (1984), 11 Ohio St. 3d 59, 11 OBR 250, 463 N.E. 2d 1237, and *State* v. *Frye* (1985), 21 Ohio App. 3d 133, 21 OBR 141, 487 N.E. 2d 580.

If the evidence established only that Keathley's car was properly registered, and no more, we would agree with Keathley that he was not subject to further restraint once his proper registration was verified. The evidence here, however, also tended to establish a violation of Troy Ordinances Section 335.10, *supra.* There being evidence sufficient to establish probable cause to believe Keathley violated Section 335.10, Iiames was entitled to detain Keathley long enough to cite him for that violation, notwithstanding verification that his registration was in order.

Although the evidence does not indicate the length of the lapse of time between the dispatcher's verification of Keathley's registration and the dispatcher's subsequent verification of the status of his operating privileges, it does not appear to have been significant. Hence, we think the evidence supports a determination that verification of Keathley's operator's status reached Iiames during a period of

132

lawful restraint in connection with the Section 335.10 violation. The second dispatch provided Iiames with requisite probable cause to cite Keathley for driving under suspension.

The fact that Iiames did not charge Keathley with a Section 335.10 violation does not, as Keathley contends, necessarily demonstrate that the violation was merely a subterfuge for an illegal detention. The decision not to charge a Section 335.10 violation is consistent with an approach to law enforcement that abjures adding insult to injury.

The assignment will be overruled; judgment will be affirmed.

*Judgment affirmed.*

KERNS, P.J., and WILSON, J., concur.