[Cite as *State v. Williams*, 2013-Ohio-594.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

State of Ohio,                                          :

    Plaintiff-Appellee,                          :

                                             :        Case No. 12CA7

    v.                                                 :

                                             :        <u>DECISION AND</u>
Gerald Williams,                                     :        <u>JUDGMENT ENTRY</u>

    Defendant-Appellant.                      :        **RELEASED 01/30/13**
_____

APPEARANCES:

George A. Katchmer, Bloomingburg, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.
_____

Kline, J.:

**{¶1}** Gerald Williams appeals the judgment of the Highland County Court of Common Pleas, which convicted him of receiving stolen property, possession of drugs, and possession of criminal tools. Williams contends that a police officer unconstitutionally prolonged a traffic stop, which led to the eventual discovery of contraband in Williams' vehicle. Because the evidence shows that the length of the traffic stop was not unreasonable under the circumstances, we disagree. Next, Williams contends that, during the traffic stop, a K-9 unit's dog impermissibly sniffed the interior of Williams' vehicle. Because there is no evidence to support Williams' assertion, we disagree. Next, Williams contends (1) that a search warrant authorizing a second search of his vehicle was defective and (2) that, as a result, the evidence found in the trunk of his vehicle should have been suppressed. Because the police were authorized

to conduct the second search without a warrant, Williams cannot show that the trial court erred in denying his motion to suppress. Next, Williams argues that there was no evidentiary support for the trial court's inference, during sentencing, that Williams engaged in drug dealing. Because the evidence supported an inference that Williams was engaged in drug dealing, we disagree. Accordingly, we overrule Williams' assignments of error and affirm the judgment of the trial court.

I.

{¶2} On August 21, 2011, Officer Shawn Kelley received a tip from a confidential informant that Williams would be transporting narcotics in his vehicle. At approximately 8:50 p.m., Officer Kelley initiated a traffic stop of Williams' car based on a tinted-window violation. Williams claimed that he had a prescription for the tinted windows, but he could not produce the prescription. Williams also declined to give Officer Kelley consent to search the vehicle.

{¶3} Officer Kelley returned to his patrol car to write a citation for the tinted-window violation. Officer Kelley testified that he normally completes a citation in 15-20 minutes. However, it took approximately 27 minutes for Officer Kelley to complete the citation for Williams' tinted-window violation. The dispatcher on duty at the time was not familiar with the computer. And as a result, performing a computer check on Williams' drivers license took longer than normal. Also, at some point during the traffic stop, Williams extended his hands out of the vehicle in an unusual manner. Officer Kelley considered this behavior suspicious, and he apparently broke from completing the citation to order Williams to keep his hands in the vehicle.

{¶4}    While Officer Kelley wrote the citation, he requested that a K-9 unit report to the scene.  The K-9 unit arrived before Officer Kelley had finished writing the citation.  The K-9 unit's dog signaled that Williams' vehicle contained contraband.  The police searched the vehicle and found heroin in the center console and a loaded handgun behind the passenger's seat.  The police also searched the trunk, but they found only clothing and miscellaneous items.  (The police also seized cash.)  Williams was placed under arrest, and the police impounded the vehicle.

{¶5}    Later that night, Officer Kelley obtained a search warrant for a second search of the vehicle.  (The warrant also covered a search of Williams' residence.  The search of Williams' residence, however, is not an issue in this appeal.)  Officer Kelley testified that he requested a warrant because he wanted to conduct a more thorough search of the vehicle.  The second search of the vehicle revealed the presence of additional contraband in the trunk, including heroin, marihuana, a digital scale, and a tourniquet.

{¶6}    Williams filed a motion to suppress challenging the search during the traffic stop.  Following a hearing, the trial court denied the motion.  Williams later filed a second motion to suppress, which challenged the search at the impound lot.  The trial court held a hearing and denied that motion as well.  Eventually, Williams pled no contest to one count of receiving stolen property, one count of possession of drugs, and one count of possession of criminal tools.

{¶7}    Williams appeals and asserts the following assignments of error: I. "A TRAFFIC STOP MAY NOT EXCEED THE TIME NECESSARY TO ISSUE A CITATION."  II. "BY ENTERING THE APPELLANT'S CAR THE K-9 EXCEEDED A

MERE SNIFF AND BECAME PART OF A WARRANTLESS SEARCH." III.

"WARRANTS MUST DESCRIBE WITH PARTICULARITY THE PLACE TO BE

SEARCHED." And IV. "A SENTENCING JUDGE MAY NOT USE MATTERS FOR

WHICH THERE IS NO EVIDENCE ON THE RECORD IN CONSIDERING

SENTENCE."

II.

{¶8}    Williams' first, second, and third assignments of error challenge the trial

court's denials of his motions to suppress. As a result, we will consider these

assignments of error together.

{¶9}    Our "'review of a motion to suppress presents a mixed question of law and

fact. When considering a motion to suppress, the trial court assumes the role of trier of

fact and is therefore in the best position to resolve factual questions and evaluate the

credibility of witnesses.'" *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850

N.E.2d 1168, ¶ 100, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372,

797 N.E.2d 71, ¶ 8. Therefore, we "must accept the trial court's findings of fact if they

are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these

facts as true, [we] must then independently determine, without deference to the

conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

*Accord Roberts* at ¶ 100; *State v. Stepp*, 4th Dist. No. 09CA3328, 2010-Ohio-3540, ¶

14.

{¶10}  The Fourth Amendment to the United States Constitution provides: "The

right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated, and no Warrants shall issue,

but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Fourth Amendment "applie[s] to the states through the Fourteenth Amendment." *State v. Moore*, 90 Ohio St.3d 47, 48, 734 N.E.2d 804 (2000).

**{¶11}** "For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant." *Id.* at 49, citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *State v. Brown*, 63 Ohio St.3d 349, 350, 588 N.E.2d 113 (1992). "First, there must be probable cause. If probable cause exists, then a search warrant must be obtained unless an exception to the warrant requirement applies. If the state fails to satisfy either step, the evidence seized in the unreasonable search must be suppressed." *Moore* at 49, citing *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *AL Post 763 v. Ohio Liquor Control Comm.*, 82 Ohio St.3d 108, 111, 694 N.E.2d 905 (1998).

A.

**{¶12}** In his first assignment of error, Williams claims that Officer Kelley unconstitutionally prolonged the traffic stop, which led to the arrival of the K-9 unit and the eventual discovery of contraband in Williams' vehicle.

**{¶13}** "[A] traffic stop must comply with the Fourth Amendment's general reasonableness requirement." *State v. Aguirre*, 4th Dist. No. 03CA5, 2003-Ohio-4909, ¶ 33, citing *Whren v. United States*, 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). "The duration of a traffic stop may last no longer than is necessary to resolve the issue that led to the original stop, absent some specific and articulable facts that further detention was reasonable." *State v. Ramos*, 155 Ohio App.3d 396, 2003-Ohio-

6535, 801 N.E.2d 523, ¶ 10 (2d Dist.), citing *State v. Chatton*, 11 Ohio St.3d 59, 63, 463 N.E.2d 1237 (1984).

> "[W]hen detaining a motorist for a traffic violation, an officer may delay the motorist for a time period sufficient to issue a ticket or a warning. *State v. Keathley* (1988), 55 Ohio App.3d 130, 131 [562 N.E.2d 932]. This measure includes the period of time sufficient to run a computer check on the driver's license, registration, and vehicle plates. *State v. Bolden*, Preble App. No. CA2003-03-007, 2004-Ohio-184 [2004 WL 77617], ¶ 17, citing *Delaware v. Prouse* (1979), 440 U.S. 648, 659, 99 S.Ct. 1391 [59 L.Ed.2d 660]. 'In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation.' *State v. Carlson* (1995), 102 Ohio App.3d 585, 598-599 [657 N.E.2d 591], citing *State v. Cook* (1992), 65 Ohio St.3d 516, 521-522 [605 N.E.2d 70], and *U.S. v. Sharpe* (1985), 470 U.S. 675, 105 S.Ct. 1568 [84 L.Ed.2d 605]." (Alterations sic.)

*State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, ¶ 12, quoting *State v. Howard*, 12th Dist. Nos. CA2006-02-002 & CA2006-02-003, 2006-Ohio-5656, ¶ 15.

**{¶14}** Here, Officer Kelley testified that, although completing a citation normally takes around 15-20 minutes, it took 27 minutes to complete the citation for Williams' tinted-window violation.

**{¶15}** The trial court found that completing the citation took longer than normal because the dispatcher on duty during the traffic stop was not the normal dispatcher. Competent, credible evidence supports the trial court's finding. Officer Kelley testified, "We had an officer that does not normally sit dispatch, and is not very familiar with the computer, that was on light duty * * * [s]o, things did take a little longer." Tr. at 14.

**{¶16}** There was also evidence that Williams caused some of the delay. Officer Kelley testified that, while he was preparing the citation, he had to address Williams' suspicious behavior of extending his hands outside the vehicle.

**{¶17}** Furthermore, Officer Kelley testified that he did not delay completing the citation and that he had not finished writing the citation when the K-9 unit arrived. Thus, the evidence shows that the length of Officer Kelley's investigation of Williams' tinted-window violation was not unreasonable under the circumstances. Therefore, the traffic stop was not unconstitutionally prolonged.

**{¶18}** Accordingly, we overrule Williams' first assignment of error.

B.

**{¶19}** In his second assignment of error, Williams argues that the sniff by the K-9 unit's dog exceeded the bounds of a permissible sniff.

**{¶20}** As Williams concedes, "canine checks of the exterior of a vehicle do not constitute a search within the meaning of the U.S. and Ohio Constitutions." *State v. Williams*, 4th Dist. No. 10CA3162, 2011-Ohio-763, ¶ 11, citing *State v. Williams*, 12 Dist. No. CA2009-08-014, 2010-Ohio-1523, ¶ 22. Williams, however, claims that the dog impermissibly sniffed the interior of the vehicle.

**{¶21}** The record does not support Williams' assertion. There is no evidence that the K-9 unit's dog sniffed the interior of Williams' vehicle. As a result, Williams' argument lacks merit.

**{¶22}** Accordingly, we overrule Williams' second assignment of error.

C.

**{¶23}** In his third assignment of error, Williams argues that the warrant authorizing the search of his vehicle at the impound lot was invalid.

**{¶24}** The police searched Williams' trunk during the traffic stop, but they did not discover any contraband. The vehicle was impounded, and Officer Kelley obtained a search warrant to authorize a second search. The search at the impound lot revealed the presence of contraband in the trunk. Williams argues that the search warrant did not indicate that the police intended to search Williams' impounded vehicle. Essentially, Williams claims that the warrant refers only to vehicles located at his residence. Therefore, according to Williams, the trial court should have suppressed the evidence found in his trunk.

**{¶25}** Even assuming that the warrant was invalid, Williams cannot show that the trial court should have suppressed the evidence found in the trunk of his vehicle. First, "the 'automobile exception' allows a police officer to conduct a warrantless search

of portions of a motor vehicle provided he has probable cause to believe it contains evidence of a crime." *State v. Brooks*, 3d Dist. 5-11-11, 2012-Ohio-5235, ¶ 32, citing *Carroll v. United States*, 267 U.S. 132, 158-159, 45 S.Ct. 280, 69 L.Ed. 543 (1925). And "'[w]hen a [drug] dog alerts to the presence of drugs, it gives law enforcement probable cause to search the entire vehicle.'" *State v. Johnson*, 6th Dist. No. L-06-1035, 2007-Ohio-3961, ¶ 9, quoting *State v. Nguyen*, 157 Ohio App.3d 482, 2004-Ohio-2879, 811 N.E.2d 1180, ¶ 22 (6th Dist.). Moreover, after the police discovered contraband in the passenger compartment of Williams' vehicle, they had probable cause to search the trunk. *See State v. Beavers*, 8th Dist. No. 88513, 2007-Ohio-2915, ¶ 12; *State v. Greenwood*, 2d Dist. No. 19820, 2004-Ohio-2737, ¶ 11; *State v. Cannon*, 4th Dist. No. 92CA32, 1993 WL 278501, *3 (July 19, 1993).

{¶26} Furthermore, considering the circumstances of the initial search, the police were permitted to conduct the search at the impound lot without a warrant. "The United States Supreme Court has held that there is no prohibition in moving a car to the station in order to conduct a probable cause search under more practical, and perhaps safer, conditions." *Brooks* at ¶ 33, citing *Chambers v. Maroney*, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). "The probable cause factor that was present at the scene is 'still obtained at the station house.'" *Id.*, quoting *Chambers* at 52. *See also State v. Bolding*, 6th Dist. No. E-97-115, 1999 WL 334494, *8 (May 28, 1999); *State v. Jones*, 1st Dist. No. C-75272, 1976 WL 189698, *5 (Apr. 12, 1976). This logic applies even where the police have already conducted a search during a traffic stop. *See Brooks* at ¶¶ 3-4, 32-35; *State v. Napier*, 9th Dist. No. 2671-M, 1998 WL 281368, *5 (May 27, 1998).

**{¶27}** Here, Officer Kelley testified that the traffic stop occurred at approximately 8:50 p.m., and that the day was "starting to get dusk." Tr. at 77. According to Officer Kelley, the conditions for the initial search were not optimal and the impound lot provided better conditions under which to search the vehicle. Consequently, the police were authorized to search the vehicle at the impound lot without a warrant. Therefore, Williams cannot show that the trial court erred by denying his second motion to suppress.

**{¶28}** Accordingly, we overrule Williams' third assignment of error.

III.

**{¶29}** In his fourth assignment of error, Williams argues that, during sentencing, the trial court made an inference for which there was no evidentiary support.

**{¶30}** We use a two-step approach to review a felony sentence. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

**{¶31}** Initially, we find that the trial court complied with all applicable rules and statutes. The trial court sentenced Williams to the following: twelve months for one count of fourth-degree-felony receiving stolen property in violation of R.C. 2913.51(A) & (C); three years for one count of second-degree-felony possession of drugs in violation of R.C. 2925.11(A) & (C)(6)(d); and eleven months for one count of fifth-degree-felony

possession of criminal tools in violation of R.C. 2923.24(A) & (C). These sentences were within the statutory ranges. *See* R.C. 2929.14(A)(2), (4) & (5).

**{¶32}** Additionally, the trial court considered the general guidance factors set forth in R.C. 2929.11 and 2929.12. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *Kalish* at ¶ 13. The trial court's judgment entry of confinement states (1) that the court "considered * * * all factors required by [R.C.] 2929.12[,]" and (2) that the court "weigh[ed] * * * the purposes and principals of [R.C.] 2929.11 * * *." Judgment Entry of Confinement at 1 and 4. Thus, Williams' sentence is not clearly and convincingly contrary to law.

**{¶33}** Next, we will address whether the trial court abused its discretion in imposing Williams' sentence. An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶34}** The trial court sentenced Williams to consecutive prison terms. (The court ordered Williams to serve the receiving stolen property and possession of drugs sentences consecutive to each other and concurrent to the possession of criminal tools sentence.) To justify the consecutive sentences, the court found that Williams was engaged in drug dealing. This finding was relevant to the trial court's determination that

> [a]t least two of the multiple offenses were committed
>
> as part of one or more courses of conduct, and the
>
> harm caused by two or more of the multiple offenses
>
> so committed was so great or unusual that no single
>
> prison term for any of the offenses committed as part

of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. Judgment Entry of Confinement at 5. *See also* R.C. 2929.14(C)(4)(b).

**{¶35}** Williams asserts that "the Trial Judge stated that the money seized from [Williams] was a result of drug activity and[] that [Williams] had been engaged in dealing drugs * * *." Appellant's Brief at 9. According to Williams, "[t]here is no evidence whatsoever for this conclusion." *Id.* Essentially, Williams argues that the evidence did not support the trial court's determination that consecutive sentences were warranted.

**{¶36}** First, the trial court did not specifically state that the money seized from Williams was the result of drug activity. The state made this allegation during the hearing in which Williams entered his no contest pleas. During sentencing, the trial court stated that drug dealing "can be inferred from the circumstances in evidence * * *." Tr. at 134.

**{¶37}** The evidence supports the trial court's inference. The searches of Williams' vehicle revealed the presence of a loaded .45 caliber handgun, heroin, marihuana, a digital scale, empty pill caps, and a tourniquet. Based on this evidence, the trial court could reasonably infer that Williams had been involved in drug dealing. Thus, the trial court did not abuse its discretion when sentencing Williams.

**{¶38}** Accordingly, we overrule Williams' fourth assignment of error.

**{¶39}** In conclusion, having overruled all of Williams' assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Harsha, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
          Roger L. Kline, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**