[Cite as *State v. Jones*, 2016-Ohio-7553.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0028** |
| BRANDON T. JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 00256.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047  (For Plaintiff-Appellee).

*Joseph A. Pfundstein,* P.O. Box 46449, Cleveland, OH  44139 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}   Brandon T. Jones appeals from the judgment of the Ashtabula County Court of Common Pleas, denying his motion to suppress in a drug case.  Mr. Jones contends he was subjected to an unconstitutional search and seizure during the traffic stop leading to his arrest.  Finding no error, we affirm.

{¶2} In the early hours of April 23, 2014, State Trooper Damion Assink was patrolling West Avenue in the City of Ashtabula, Ohio, when he observed a Dodge Magnum without illumination to its rear license plate. Trooper Assink began to follow the Dodge, and observed it make several turns without signaling. At approximately 2:47:12 a.m., Trooper Assink initiated a traffic stop.

{¶3} Trooper Assink approached the passenger side door of the Dodge at 2:47:48 a.m., and began speaking with the driver, Mr. Jones. The trooper asked where Mr. Jones was coming from, and Mr. Jones replied from his cousin's house in Geneva, Ohio. The trooper also asked where Mr. Jones was headed, and the latter replied home. The trooper asked for Mr. Jones' license, registration, and proof of insurance. Mr. Jones handed over his license, but could not find the registration or proof of insurance. He told the trooper the car belonged to his cousin, James Jones, and was probably registered to his business, Fresh Look Urban Clothing. The trooper noticed the license listed Mr. Jones' residence as Cleveland, Ohio. The trooper radioed in a request for a canine unit, then returned to his cruiser at about 2:50:11 a.m.

{¶4} At about 2:52:29 a.m., Trooper Assink returned to the Dodge, and asked Mr. Jones if the Cleveland address on his license was current. Mr. Jones said it was, but that he was going to his girlfriend's home on Bardmoor. The trooper returned to his cruiser at 2:52:48 a.m., to work on the citation.

{¶5} Officer Hilderbrandt of the Ashtabula City Police Department arrived with his dog, Jax. Trooper Assink approached the Dodge at 2:57:20 a.m. Trooper Assink asked Mr. Jones to exit the Dodge then conducted a pat down search for weapons between 2:58:22 a.m. and 2:59:14 a.m., before placing Mr. Jones in his cruiser.

Trooper Assink also entered the cruiser, to continue writing the citation, while Officer Hilderbrandt and Jax approached the Dodge at 3:00:08 a.m. Jax alerted at 3:01.04 a.m. A subsequent search of the Dodge revealed drugs.

{¶6} Mr. Jones was arrested for the drugs, and also issued a traffic citation.

{¶7} June 26, 2014, Mr. Jones was indicted by the Ashtabula County Grand Jury for aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(d), a first degree felony, and possession of heroin, in violation of R.C. 2925.11(A)(C)(6)(e), also a first degree felony. July 15, 2014, Mr. Jones entered a written plea of not guilty. Motion practice ensued. September 12, 2014, Mr. Jones moved to suppress. After numerous delays, hearing went forward August 12, 2015. The parties stipulated to the evidence: Trooper Assink's report, and the DVD of the traffic stop. Following hearing, the parties submitted briefs.

{¶8} September 26, 2015, the trial court denied the motion to suppress. November 20, 2015, a change of plea hearing was held. Mr. Jones entered a plea of no contest to possession of heroin. The aggravated possession of drugs charge was dismissed.

{¶9} Sentencing hearing was set for January 28, 2016. At the hearing, Mr. Jones moved to withdraw his plea of no contest. The trial court ordered the parties to file briefs on the issue, and set the matter for hearing. However, Mr. Jones failed to file his brief, and sentencing hearing went forward March 3, 2016. By a judgment entry filed March 4, 2016, the trial court sentenced Mr. Jones to three years imprisonment, and to pay restitution to the Ohio State Highway Patrol Crime Lab in the amount of $105.00. Finding Mr. Jones indigent, the trial court waived the mandatory $10,000 fine attached

to the crime. The trial court further advised Mr. Jones that he was subject to five years mandatory post-release control.

**{¶10}** April 1, 2016, Mr. Jones timely noticed this appeal, assigning a single error: "Trial court erred in overruling defendant-appellant's motion to suppress as the use of drug sniffing dog in this case was unconstitutional."

**{¶11}** "'Appellate review of a motion to suppress presents a mixed question of law and fact.' *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8, * * *. During a hearing on a motion to suppress, the trial judge acts as the trier of fact and, as such, is in the best position to resolve factual questions and assess the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366, * * * (1992). The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence. *Burnside* at ¶8. Thereafter, the appellate court must determine, without deference to the trial court, whether the applicable legal standard has been met. *Bainbridge v. Kaseda*, 11th Dist. No. 2007-G-2797, 2008-Ohio-2136, ¶20. Thus, we review the trial court's application of the law to the facts de novo. *State v. McNamara*, 124 Ohio App.3d 706, 710, * * * (4th Dist.1997)." (Parallel citations omitted.) *State v. Haynes*, 11th Dist. Ashtabula No. 2012-A-0032, 2013-Ohio-2401, ¶36.

**{¶12}** Mr. Jones advances several arguments in support of his assignment of error. First, he cites to the recent decision in *Rodriguez v. United States*, 135 S.Ct. 1609 (2015). In that case, a Nebraska police officer spotted Dennys Rodriguez veer onto the berm of the highway, a traffic infraction. *Id.* at 1612. The officer stopped Mr. Rodriguez at about 12:06 a.m. The officer questioned Mr. Rodriguez and his passenger, then returned to his cruiser, and conducted a records check, before

returning to Mr. Rodriguez's car, asking for the passenger's license, and returning to the cruiser to conduct a records check on him. *Id.* at 1613.

{¶13} No later than 12:28 a.m., the officer in *Rodriguez* had completed a written warning, which he gave to Mr. Rodriguez. *Rodriguez* at 1613. Nevertheless, the officer refused Mr. Rodriguez permission to leave, since the officer had asked for a canine unit. The unit arrived at 12:33 a.m., and the dog quickly alerted on Mr. Rodriguez's car, which contained methamphetamines. *Id.*

{¶14} Mr. Rodriguez was indicted in the United States District Court for the District of Nebraska. *Rodriguez* at 1613. He moved to suppress, which the district court denied, finding the period he was required to wait for the canine unit to arrive was a "de minimus" intrusion on his Fourth Amendment Rights. *Id.* Mr. Rodriguez appealed, and the United States Circuit Court for the Eighth Circuit affirmed. *Id.* at 1614.

{¶15} The United States Supreme Court granted certiorari. In pertinent part, it held:

{¶16} "In *Illinois v. Caballes*, 543 U.S. 405, * * * (2005), this Court held that a dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment's proscription of unreasonable seizures. This case presents the question whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop. We hold that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures. A seizure justified only by a police-observed traffic violation, therefore, 'become(s) unlawful if it is prolonged beyond the time reasonably required to complete th(e)

5

mission' of issuing a ticket for the violation. *Id.*, at 407, * * *. The Court so recognized in *Caballes*, and we adhere to the line drawn in that decision." (Parallel citations omitted.) *Rodriguez* at 1612.

**{¶17}** The *Rodriguez* court further noted that officers must diligently pursue the investigation in a traffic stop. *Rodriguez* at 1614, quoting *United States v. Sharpe*, 470 U.S. 675, 686. It also noted an officer may conduct "unrelated checks during an otherwise lawful traffic stop * * * [b]ut * * * may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Id.* at 1615.

**{¶18}** *Rodriguez* is factually distinguishable from this case. Trooper Assink did not detain Mr. Jones following the issuance of a citation to allow the canine unit to arrive. He had not yet issued the citation when that unit arrived and Jax alerted on the Dodge. There is nothing to indicate Trooper Assink unnecessarily prolonged the traffic stop to allow the canine unit to arrive. He called the canine unit during his initial conversation with Mr. Jones; that unit arrived within five or six minutes; and Jax alerted at 3:01 a.m. – less than 14 minutes after the initiation of the traffic stop. Pursuant to *Rodriguez*, Trooper Assink was entitled to conduct a check unrelated to issuing the traffic citation, as long as that check did not prolong the traffic stop. *Id.* at 1615.

**{¶19}** Mr. Jones also cites to *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, wherein the court delineated the standards for identifying whether a traffic stop is of reasonable duration:

6

{¶20} "'(W)hen detaining a motorist for a traffic violation, an officer may delay the motorist for a time period sufficient to issue a ticket or a warning. *State v. Keathley* (1988), 55 Ohio App.3d 130, 131 * * *. This measure includes the period of time sufficient to run a computer check on the driver's license, registration, and vehicle plates. *State v. Bolden*, Preble App. No. CA2003-03-007, 2004-Ohio-184, ¶17, citing *Delaware v. Prouse* (1979), 440 U.S. 648, 659, * * *. "In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation." *State v. Carlson* (1995), 102 Ohio App.3d 585, 598-599 * * *, citing *State v. Cook* (1992), 65 Ohio St.3d 516, 521-522 * * *, and *U.S. v. Sharpe* (1985), 470 U.S. 675 * * *.'" (Parallel citations omitted.) *Batchili* at ¶12, quoting *State v. Howard*, 12th Dist. Preble Nos. CA2006-02-002 and CA2006-02-003, 2006-Ohio-5656, ¶15.

{¶21} Again, *Batchili* is of no comfort to Mr. Jones: under the totality of the circumstances in this case, Trooper Assink conducted a diligent investigation during the traffic stop, and did not unreasonably extend it in obtaining the canine unit.

{¶22} Mr. Jones further objects that Trooper Assink had no reasonable suspicion to justify bringing in the canine unit. But pursuant to *Rodriguez*, *supra*, he did not require any reasonable suspicion to call in that unit, so long as the traffic stop was not prolonged. *Id.* at 1615. In this case, the traffic stop was not prolonged.

{¶23} The assignment of error is without merit.

{¶24} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.