[Cite as *State v. Elliot*, 2019-Ohio-4411.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwinn, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JOHNDRELL ELLIOT | : | Case No. 18 CA 22 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                                          Pleas Case No. 17-CR-202




JUDGMENT:                                        Affirmed




DATE OF JUDGMENT:                         October 23, 2019




APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

JASON R. FARLEY                                JAMES R. WILLIS
66704 Toland Drive                              1144 Rockefeller Building
Cambridge, OH  43725                         614 West Superior Avenue
                                                          Cleveland, OH  44113

*Wise, Earle, J.*

{¶ 1}   Defendant-appellant Johndrell Elliot appeals the March 20, 2018 decision of the Guernsey County Court of Common Pleas which denied his motion to suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 18, 2017, Ohio State Highway Patrol Trooper Brian Hawkins and his canine officer were working routine patrol on Interstate 77. At 2:00 p.m, he spotted appellant driving southbound in a vehicle which the trooper believed had illegal window tint. Hawkins initiated a traffic stop and ran the plate on the vehicle which came back to a female. He then approached the vehicle.

{¶ 3}   Hawkins found appellant driving the car. Appellant provided Hawkins his operator's license and registration, but no proof of insurance. Appellant was very nervous and visibly shaking. His passenger, Herve Johnson, appeared calm, but refused to make eye contact with Hawkins.

{¶ 4}   Asked where they were coming from, appellant said "the house." Asked where they were going, appellant looked to Johnson for an answer. Johnson replied "casino" while continuing to stare forward at his phone and listen to music.

{¶ 5}   Hawkins advised appellant that he had pulled him over for a window tint violation. Legal tint is 50 percent or higher. Appellant stated he believed his was 50 percent. Hawkins used a meter to check the tint which was actually 35.6 percent.

{¶ 6}   Hawkins returned to his cruiser and asked dispatch to check for warrants and to check the criminal history of both men. Dispatch subsequently advised neither had

any active warrants, but both did have extensive criminal histories involving drug offenses.

{¶ 7}   While Hawkins was reviewing the records of both men, Trooper Roe arrived to back up Hawkins. Hawkins had begun to write a warning for appellant, but had not yet completed it when he decided, based on his observations of the occupants of the vehicle and information from dispatch, to walk his canine around appellant's vehicle. Both men were asked to exit the vehicle while this took place. The canine alerted on the right front door seam. During the subsequent search, a large amount of cocaine was located in the engine compartment of the vehicle.

{¶ 8}   From stop to dog sniff, the stop took 16 minutes and 35 seconds.

{¶ 9}   On May 18, the Guernsey County Grand Jury returned an indictment charging appellant with one count of possession of cocaine, a felony of the first degree. This count contained a major drug offender specification. Appellant was further charged with one count of trafficking in cocaine, a felony of the first degree.

{¶ 10} Appellant filed a motion to suppress, and a hearing was held on the matter on March 9, 2018. On May 1, 2018, the trial court issued its judgment entry denying appellant's motion.

{¶ 11} On August 3, 2018, appellant entered a plea of no contest to an amended count of possession of cocaine, a felony of the first degree. The state dismissed the balance of the indictment. The trial court accepted appellant's plea, convicted appellant, and sentenced him to 4 years incarceration. Appellant's sentence was stayed, however, pending the outcome of this appeal.

{¶ 12} Appellant raises two assignments of error:

I

{¶ 13} "THE COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED IN THE WAKE OF THE OFFICERS' VIOLATION OF HIS FOURTH, FIFTH AND FOURTEENTH AMENDMENT RIGHTS."

II

{¶ 14} "THE COURT ERRED WHEN IRRESPECTIVE OF *ARIZONA V. GANT*, 556 U.S. 332 (2008), THE OFFICERS SUBJECTED THIS VEHICLE TO A WARRANTLESS SEARCH WHEN FOR ALL INTENTS AND PURPOSES HE WAS ELSEWHERE"

{¶ 15} We address appellant's assignments of error together. In his first assignment of error appellant argues the traffic stop was illegally extended to permit the canine sniff. In his second assignment of error, appellant argues that even assuming the use of the canine was proper, troopers were required to obtain a warrant before searching his vehicle. We disagree.

{¶ 16} As stated by the Supreme Court of Ohio in *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

> "Appellate review of a motion to suppress presents a mixed question
> of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-
> 5372, 797 N.E.2d 71, ¶ 8.  In ruling on a motion to suppress, "the trial

court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." Id., citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 17} As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 18} First, as to appellant's contention that a search warrant was required before troopers could search his car, the use of a narcotics dog to detect the odor of drugs does not constitute a "search" and an officer is not required, prior to a dog sniff, to establish either probable cause or a reasonable suspicion that drugs are concealed in a vehicle. See *Illinois v. Caballes*, 543 U.S. 405, 409, 125 S.Ct. 834, 838, 160 L.Ed.2d 842 (2005); *United States v. Place*, 462 U.S. 696, 707, 103 S.Ct. 2637, 2645, 77 L.Ed.2d 110 (1983); *State v. Carlson*, 102 Ohio App.3d 585, 594, 657 N.E.2d 591 (9th Dist.1995); *United States v. Seals*, 987 F.2d 1102, 1106 (5th Cir.1993).

{¶ 19} Further, it is well established that the automobile exception to the warrant requirement allows police to conduct a warrantless search of a vehicle if there is probable cause to believe the vehicle contains contraband. *State v. Ortiz*, 5th Dist. Guernsey No. 00CA38, 2001WL520976 (May 11, 2001) citing *State v. Mills*, 62 Ohio St.3d 357, 367, 528 N.E.2d 972 (1992). When a narcotics dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband. See *State v. Woodson*, 5th Dist. Stark No. 2007-CA-00151, 2008-Ohio-670, ¶ 20.

{¶ 20} The parties agree appellant's vehicle was lawfully stopped. Because appellant's vehicle was lawfully detained when Trooper Hawkins' narcotics dog alerted to the odor of drugs coming from appellant's car, we find no warrant was required prior to Hawkins' search of appellant's car.

{¶ 21} Next, as to appellant's argument that the traffic stop was illegally extended, " 'when detaining a motorist for a traffic violation, an officer may delay a motorist for a time period sufficient to issue a ticket or a warning.' " *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, ¶ 12, quoting *State v. Keathley*, 55 Ohio App.3d 130, 131, 562 N.E.2d 932 (2nd Dist. Miami 1988). "This measure includes the period of time sufficient to run a computer check on the driver's license, registration, and vehicle plates." *Id.*, citing *State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184, ¶ 17, citing *Delaware v. Prouse*, 440 U.S. 648, 659, 99 S.Ct. 1391, 59 L.Ed.2d 660(1979). Additionally, " '[i]n determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation.' " *Id.*, quoting *State v. Carlson*, 102 Ohio App.3d 585, 598-599, 657 N.E.2d 591(9th Dist.

Medina 1995), citing *State v. Cook*, 65 Ohio St.3d 516, 521-522, 605 N.E.2d 70 (1992),

and *United States v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). See

also *State v. Whitman*, 184 Ohio App.3d 740, 2009-Ohio-5647, 922 N.E.2d 293 (5th

Dist.Holmes); *State v. Woodson*, 5th Dist. Stark No.2007-CA-00151, 2008-Ohio-670, ¶

21.

{¶ 22} In overruling appellant's motion to suppress, the trial court found our opinion

in *State v. Whitman*, 184 Ohio App.3d, 2009-Ohio-5647, 922 N.E.2d 293 (5th Dist.)

(Edwards dissenting), "on point." In that matter, as is the case here, the parties agreed

that the appellant was legally stopped for a traffic infraction. The question in *Whitman* was

identical to the question here - whether appellant's lawful detention became unlawful

when the Trooper decided to deploy his narcotics dog, which was already on the scene,

to sniff around the exterior of appellant's car. In *Whitman* we explained:

> * * * The officer needs no suspicion or cause to "run the dog around"
>
> the stopped vehicle if he does it contemporaneously with the
>
> legitimate activities associated with the traffic violation. See
>
> *Caballes*, 543 U.S. at 409, 125 S.Ct. 834, 160 L.Ed.2d 842
>
> (upholding constitutionality of dog sniff conducted by an officer-
>
> "[w]hile [a second officer] was in the process of writing a warning
>
> ticket, [the second officer] walked his dog around [Caballes's] car"-
>
> and stating that the use of the dog during Caballes's traffic stop "[did]
>
> not implicate legitimate privacy interests" because "the dog sniff was

performed on the exterior of [Caballes's] car *while* he was lawfully

seized for a traffic violation"). (Emphasis added.)

{¶ 23} Here, the purpose of the traffic stop had yet to be fulfilled when Trooper Hawkins made the decision to walk his canine around appellant's car. Hawkins testified State Highway Patrol policy requires two troopers on the scene before he may deploy his canine. He summonsed Roe to the scene before he began writing the warning ticket, and while he was still reviewing information from dispatch. When Roe arrived, Hawkins had just begun writing the warning ticket. He had not completed the same, nor delivered it to appellant before he walked the dog around appellant's car. The entire process took a little over 16 minutes. Hawkins testified a routine traffic stop takes 10-20 minutes to complete.

{¶ 24} To support his argument that the traffic stop here was illegally extended, appellant relies upon *Rodriguez v. U.S.*, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015). Rodriguez, however, is factually distinguishable. In that matter, the officer had completed the purpose for the traffic stop, and had issued Rodriguez a citation. Only then did the officer request permission from Rodriguez to walk his dog around Rodriguez's vehicle. When Rodriguez declined, the officer further detained Rodriguez, directed him to exit the vehicle and stand in front of it until a second officer arrived on the scene. The dog sniff in *Rodriguez* was not conducted contemporaneously with the legitimate activities of the traffic stop.

{¶ 25} We are not presented with the same fact pattern here. Because appellant was lawfully detained, and the purpose of the traffic stop had not yet been fulfilled, we find no Fourth Amendment violation in Hawkins' decision to walk his dog around

appellant's car. *State v. Latona*, 5th Dist. Richland App. No. 2010-CA-0072, 2011-Ohio-1253, ¶ 25, citing *State v. Guckert*, 4th Dist. Washington App. No. 99CA49, 2000-Ohio-1958 (Dec. 20, 2000).

{¶ 26} Appellant's first and second assignments of error are overruled.

{¶ 27} The judgment of the Guernsey County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/rw