[Cite as *State v. Rohskopf*, 2022-Ohio-2695.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. Earle E. Wise, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 22CA001 |
| NICHOLAS ROHSKOPF | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Holmes County
Municipal Court, Case No. 21 TRC 467

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 4, 2022

APPEARANCES:

For Plaintiff-Appellee

ROBERT K. HENDRIX
Assistant Prosecuting Attorney
164 East Jackson St.
Millersburg, OH 44654

For Defendant-Appellant

JEFFREY KELLOGG
5 South Washington St.
Millersburg, OH 44654

*Gwin, J.*

{¶1}   Appellant, Nicholas Rohskopf ["Rohskopf"] appeals the November 15, 2021 judgment of the Holmes County Municipal Court overruling his motion to suppress.

*Facts and Procedural History*

{¶2}   On May 16, 2021, Deputy Triston Herron of the Holmes County Sheriff's Department stopped Rohskopf just before midnight for driving with his headlights and taillights off.  The events were recorded in real time by Deputy Heron's body camera. [State's Exhibit A].

{¶3}   Deputy Herron observed no erratic driving.  Deputy Heron observed Rohskopf negotiate two turns and maintain the speed limit.  Deputy Herron's first indication that anything might be amiss was that after Deputy Heron activated his overhead lights, Rohskopf stopped "way quicker than what I anticipated."  T. at 24.[1]

{¶4}   Rohskopf threw a cigarette out the window.  When asked why he had just littered, Rohskopf told the deputy that he did not want to blow smoke into his face. The deputy asked the passenger to put out the cigarette that she was smoking.  Rohskopf told Deputy Heron that the car did not have an ashtray. Rohskopf asked Deputy Heron if he could drop the cigarette on the ground.  Deputy Heron told Rohskopf that he could dispose of the passenger's cigarette on the ground outside the driver side window.

{¶5}   When asked, Rohskopf stated that he and his two passengers had come from McKelvey's bar in Millersburg.  Deputy Herron noted that Rohskopf was driving.

---

[1] For clarity, the suppression hearing transcript will be referred to as, "__T.__," signifying the volume and the page number.

Additionally, a female was in the front passenger seat and her brother was in the back-passenger seat.

**{¶6}** Deputy Heron next detected a moderate odor of an alcoholic beverage coming from the interior of the vehicle. Rohskopf denied he had been drinking; however, both Rohskopf and his female passenger told the deputy that the female had been drinking. Deputy Herron was unable to determine which individual was the source of the alcoholic beverage smell.

**{¶7}** Deputy Heron was also concerned that when Rohskopf was asked to retrieve the vehicle registration, Rohskopf reached inside the glove compartment and unfolded the paper in a way that the back of the document was toward him. Rohskopf then turned the document over and handed it without fumbling or dropping it to the deputy. T. at 31. When obtaining the registration, Rohskopf did not have any difficulty opening the glove box, getting the registration, or fumbling around in the vehicle while obtaining the document. Id.

**{¶8}** Deputy Herron requested the front passenger's identification and Rohskopf acquired it from the passenger. Rohskopf hands it to the Deputy without fumbling it or dropping it. Rohskopf began getting agitated after Deputy Herron repeatedly inquired about whether he had been drinking. T. at 13. He ceased being compliant, and Deputy Herron noticed that his speech was slurred, and that his eyes were red, bloodshot, and glassy. Due to Rohskopf's non-compliant attitude, Deputy Herron called for backup.

**{¶9}** Once outside the vehicle the Deputy detected a slight odor of an alcoholic beverage coming from Rohskopf's breath. Deputy Heron noted that Rohskopf's pupils were dilated, his speech was slurred, and his eyes were red, bloodshot, and glassy.

{¶10}  When asked to describe the factors that led him to expand the stop beyond a simple ticket for no headlights, Deputy Herron gave a list of the factors he relied on: Rohskopf's abrupt stop of his vehicle after activating the overhead lights; his fluctuating demeanor; Rohskopf's offensive, loud language; becoming angry over something minor; Rohskopf's red, bloodshot, watery eyes; his slurred speech and dilated pupils; the moderate odor of alcohol from within the vehicle, and then from Rohskopf's breath once he exited the vehicle; Rohskopf had just been at a bar; the time of day was one where people who had been drinking would be heading home; and his fumbling with the document from his glove box. T. at 13.

{¶11}  On or about May 17, 2021, the state charged Rohskopf with one count of OVI in violation of R.C. 4511.19(A)(1)(a)[2]; one count of Littering in violation of R.C. 4511.82(A); one count of Operating a Motor Vehicle without Headlights in violation of R.C. 4513.03.

{¶12}  On or about September 16, 2021, the state charged Rohskopf with one count of OVI in violation of R.C. 4511.19(A)(1)(j)(i) [prohibited amount of amphetamine in urine] and R.C. 4511.19(A)(1)(j)(ix) [prohibited amount of methamphetamine in urine].

{¶13}  On September 13, 2021, Rohskopf filed a Motion to Suppress Evidence. The hearing on that motion occurred on October 15, 2021.  Prior to the start of the hearing Rohskopf indicated to the court that he was not challenging probable cause for the traffic stop, probable cause for his arrest or the administration of the Standardized Field Sobriety tests.  [FST's].  T. at 3-4.  The sole issue for the hearing was whether Deputy Heron was

---

[2] Rohskopf's BAC test registered 0.053.  *See,* BMV Form 2255 attached to the Uniform Traffic Citation, Docket No.1.

justified in continuing the traffic stop beyond the normal period required to issue a citation. Id.

{¶14} By Judgment Entry filed November 15, 2021, the trial court overruled the motion to suppress. Subsequently, Rohskopf appeared and entered a no contest plea to OVI in violation of R.C. 4511.19(A)(1)(a)["under the influence"] and OVI in violation of R.C. 4511.19(A)(1)(j)(i) [prohibited level of amphetamine in urine], with the remaining charges being dismissed.

*Assignment of Error*

{¶15} Rohskopf raises one Assignment of Error,

{¶16} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT/APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

*Law and Analysis*

{¶17} Rohskopf argues that the trial court erred in overruling his motion to suppress because Deputy Herron unlawfully expanded the scope of a traffic stop for driving without headlights in order to have Rohskopf perform Standardized Field Sobriety tests. Specifically, Rohskopf contends that Deputy Herron's suspicion that Rohskopf was operating a vehicle under the influence was not properly supported by sufficient facts.

**Standard of Review**

{¶18} "Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *See, State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). But the appellate court must decide the legal questions de novo.

*Burnside* at ¶ 8." *State v. Turner*, 163 Ohio St.3d 421, 2020-Ohio-6773, 170 N.E.3d 842, ¶14.

**Issue for appellate review**: *Whether the lawful detention for a traffic infraction became an unlawful detention when the deputy decided to request Rohskopf perform the FST's.*

{¶19}  The Ohio Supreme Court has held,

"[W]hen detaining a motorist for a traffic violation, an officer may delay the motorist for a time period sufficient to issue a ticket or a warning. *State v. Keathley* (1988), 55 Ohio App.3d 130, 131 [562 N.E.2d 932]. This measure includes the period of time sufficient to run a computer check on the driver's license, registration, and vehicle plates. *State v. Bolden*, Preble App. No. CA2003–03–007, 2004–Ohio–184 [2004 WL 77617], ¶ 17, citing *Delaware v. Prouse* (1979), 440 U.S. 648, 659, 99 S.Ct. 1391 [59 L.Ed.2d 660]. "In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation." *State v. Carlson* (1995), 102 Ohio App.3d 585, 598–599 [657 N.E.2d 591], citing *State v. Cook* (1992), 65 Ohio St.3d 516, 521– 522 [605 N.E.2d 70], and *U.S. v. Sharpe* (1985), 470 U.S. 675, 105 S.Ct. 1568 [84 L.Ed.2d 605].

*State v. Batchili*, 113 Ohio St.3d 403, 2007–Ohio–2204, 865 N.E.2d 1282, ¶12. In order to justify a continued detention beyond the normal period required to issue a

citation the officer must have a "reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop." *Batchili,* ¶ 15. "In determining whether a detention is reasonable, the court must look at the totality of the circumstances." *State v. Matteucci*, 11th Dist. No.2001–L–205, 2003–Ohio–702, ¶ 30, citing *State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489(1988).

{¶20} A request made of a validly detained motorist to perform field sobriety tests is generally outside the scope of the original stop, and must be separately justified by other specific and articulable facts showing a reasonable basis for the request. *State v. Albaugh*, 5th Dist. Tuscarawas No. 2014 AP 11 0049, 2015-Ohio-3536, ¶18, *quoting State v. Anez*, 108 Ohio Misc.2d 18, 26–27, 738 N.E.2d 491 (2000). Although requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment, courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol (or another drug) in order to conduct a field sobriety test. *See State v. Bright*, 5th Dist. Guernsey No. 2009–CA–28, 2010-Ohio-1111, ¶ 17, citing *State v. Knox*, 2nd Dist. Greene No. 2005–CA–74, 2006-Ohio-3039. Under a "totality of the circumstances" approach, we look at the entirety of the events leading to the officer's decision to conduct field sobriety tests. *See, e.g., State v. Locker*, 5th Dist. Stark App. No. 2015CA00050, 2015-Ohio-4953, ¶36, *citing State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980).

{¶21} "Reasonable suspicion is "* * * something more than an inchoate or un-particularized suspicion or hunch, but less than the level of suspicion required for probable cause." *State v. Shepherd*, 122 Ohio App.3d 358, 364, 701 N.E.2d 778 (2nd

Dist.1997). "A court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Farey*, 5th Dist. Stark No. 2017CA00137, 2018-Ohio-1466, ¶ 23, *citing Village of Kirtland Hills v. Strogin*, 6th Dist. Lake App. No .2005–L–073, 2006-Ohio-1450, ¶ 13 (internal citation omitted).

**{¶22}**   In analyzing similar cases, we have accepted the template set forth by the Supreme Court of Ohio in *State v. Batchili*, 113 Ohio St.3d 403, 2007–Ohio–2204, 865 N.E.2d 1282, paragraph two of the syllabus: "The 'reasonable and articulable' standard applied to a prolonged traffic stop encompasses the totality of the circumstances, and a court may not evaluate in isolation each articulated reason for the stop."

**{¶23}**   In Ohio, it is well settled that, where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists.   *State v. Wells*, 2nd Dist. Montgomery No. 20798, 2005-Ohio-5008; *State v. Cooper,* 2nd Dist. Clark No .2001-CA-86, 2002-Ohio-2778; *State v. Robinson*, 2nd Dist. Greene No. 2001-CA-118, 2002-Ohio-2933; *State v. Mapes*, 6th Dist. Fulton No. F-04-031, 2005-Ohio-3359 (odor of alcohol, 'slurred speech' and glassy and bloodshot eyes); *Village of Kirtland Hills v. Strogin*, 11th Dist. Lake No. 2005-L-073, 2006-Ohio-1450; *State v. Beeley*, 6th Dist. Lucas No. L-05-1386, 2006-Ohio-4799, ¶16, *New London v. Gregg,* 6th Dist. Huron No. H-06-030, 2007-Ohio-4611; *State v. Bright*, 5th Dist. Guernsey No. 2009-CA-28, 2010-Ohio-111, ¶22.

**{¶24}**   In the case at bar, Rohskopf does not challenge the administration of the FST's by Deputy Heron.  Further, Rohskopf does not contend that Deputy Heron did not

have probable cause to arrest him for OVI. The sole issue for the motion to suppress was whether Deputy Heron was justified in continuing the traffic stop beyond the normal period required to issue a citation.

{¶25} The body camera video indicates that the initial stop of Rohskopf occurs at 2:16 on the video. [Appellant's brief at 11]. Deputy Heron asks Rohskopf to step out of the vehicle at 8:24 in the video. [Appellant's brief at 15]. There is no evidence in the record that Deputy Huron could have completed writing the traffic citations before the 8:24 mark in the video. In the case at bar, there simply is no evidence to suggest that Rohskopf's detention while the deputy investigated the traffic violation was of sufficient length to make it constitutionally dubious. At the time Rohskopf was asked to step out of the vehicle, approximately six minutes elapse from the time the vehicle had been stopped. Rohskopf had been driving with no headlights or taillights. Rohskopf admitted to having been at a bar. The female passenger admitted to drinking. Rohskopf denied he had been drinking. After removing Rohskopf from his vehicle, Deputy Heron noticed a "slight" odor of an alcoholic beverage on Rohskopf's breath. Deputy Heron notice Rohskopf's pupils were dilated and he could not follow commands in order to allow the deputy to perform the Horizontal Gaze Nystagmus test. Rohskopf became increasingly belligerent as Deputy Heron continued his investigation. Deputy Huron noted Rohskopf speech was slurred.

{¶26} We find the trial judge's findings to be supported by competent, credible evidence. Based on the totality of the circumstances presented, we conclude that Rohskopf's detention while the deputy investigated the traffic violation was of insufficient length to make it constitutionally dubious. We further conclude that even if the stop was extended beyond the normal period required to issue a citation, Deputy Heron had a

reasonable suspicion that Rohskopf was under the influence of alcohol (or another drug). Accordingly, any extension in the time of the stop in order to conduct the field sobriety tests was justified. Therefore, the trial judge properly overruled Rohskopf's motion to suppress.

{¶27} Rohskopf's sole Assignment of Error is overruled.

{¶28} The judgment of the Holmes County Municipal Court is affirmed.


By Gwin, J.,

Wise, Earle, P.J., and

Baldwin, J., concur